**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE: | * | |
| PREMIUM ESCROW | * | [Case No. 02-02358 |
| SERVICES, INC. | | (Chapter 11) |
| | * | in the Bankruptcy Court] |
| Debtor | | |
| * * * * * * * | | |
| PREMIUM OF AMERICA, LLC | * | |
| Plaintiff | * | |
| v. | * | Case No. 06-1325-RJL |
| | | [Adversary Proceeding No. |
| WILLIAM C. SANCHEZ, M.D. | * | 04-10455 in the Bankruptcy Court] |
| and | * | |
| WILLIAM C. SANCHEZ, M.D, P.C. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO CURE**
**DEFECTIVE ALLEGATIONS OF JURISDICTION**
**PURSUANT TO 28 U.S.C. § 1653**

Defendants William C. Sanchez, M.D., and William C. Sanchez, M.D., P.C., by

their undersigned attorneys, file this Opposition to Motion for Leave to Cure Defective

Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653, filed by Plaintiff Premium of

America, LLC on August 4, 2006,[1] and in support thereof state:

---

[1]     Neither Defendants nor undersigned counsel was served with the Motion for
Leave to Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 at or
around the time of the filing.  On August 23, 2006, Plaintiff filed an Amended Certificate
of Service to indicate that service had actually occurred on August 23, 2006, which is the
date upon which Defendants were, in fact, served.

## INTRODUCTION

Plaintiff originally filed the Complaint initiating this proceeding in the United States Bankruptcy Court for the District of the District of Columbia (the "Bankruptcy Court"), which, upon Defendants' motion, dismissed certain counts.  Plaintiff did not appeal the dismissal filed on behalf of certain investors (the "Investor-related claims," which will be described in more detail *infra*).  The Bankruptcy Court determined that it lacked jurisdiction over the Investor-related claims.

Subsequently, the Bankruptcy Court recommended, *sua sponte*, that this Court withdraw the reference with respect to the remaining counts (filed on behalf of POA's pre-bankruptcy identity, the "PES-related claims," also discussed in more detail *infra*), so that they might be tried and decided in this Court.  This Court ordered that the reference to the Bankruptcy Court be withdrawn with respect to the remaining counts.

Plaintiff's Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 should be denied.  The Motion is nothing more than an attempt to resurrect claims that were dismissed, which dismissal was not appealed, in an effort to circumvent Defendants' possible defenses to assertion of those claims at this time and in this Court.  The Court should not permit Plaintiff to make an end run around the law.

The Bankruptcy Court, <u>prior</u> to its *sua sponte* recommendation, dismissed the Investor-related claims.  Accordingly, this Court could only withdraw the reference with respect to those claims that had not been dismissed, that is, the PES-related claims.  The Investor-related claims have been dismissed, and no appeal has been filed.  Plaintiff filed a Motion to Vacate the dismissal, which was denied.  Plaintiff should not be permitted to

amend its allegations of jurisdiction at this late date, which would have the effect of collaterally attacking the Bankruptcy Court's dismissal of the Investor-related claims without an appeal and without requiring Plaintiff to address any new defenses, including the statute of limitations.  Granting the Plaintiff's Motion would also render pointless the parties' significant litigation over the Investor-related claims, effectively wasting the Bankruptcy Court's time and Defendants' resources.

Finally, even if this Court determines that, if it granted Plaintiff's Motion, the Investor-related claims could equitably be amended back into the proceedings, 28 U.S.C. § 1653, which governs Plaintiff's request, does not contemplate amendment under the facts of this case.

## **BACKGROUND**

On December 9, 2002, Premium Escrow Services, Inc. (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  (Bankruptcy Court First Amended Complaint ("Complaint") at ¶ 15.)  The Debtor continued to operate in its business as a debtor-in-possession until August 12, 2003, when this Court confirmed its First Amended Plan of Reorganization, as revised (the "Plan").[1]  (Complaint at ¶ 1.)

The classification and treatment of claims was set forth in Article 3 of the Plan. (Plan at 6.)  Class 2 consists of the claims of "Investors" and provides, in relevant part, for the following treatment:

> As of the Effective Date, the Investors will contribute to Premium LLC all of their interests in the Viatical Policies, together with any claims that they may have against the Debtor, Beneficial or any present or former officer,

---

[1]    The Reorganization Plan is part of the record in Bankruptcy Case No. 02-2358. The Plan was also appended to Defendants' Motion to Dismiss in this matter filed in the Bankruptcy Court.

director or employee of the Debtor or Beneficial or any third party which was retained by Beneficial and/or the Debtor in connection with the marketing, sale and administration of the Viatical Policies. Investors will receive a percentage of the equity in Premium LLC. As set forth in Article 7 below, the Investors will receive distributions from Premium LLC on a regular basis as the Viatical Policies mature.

(Plan at 6-7.) An "Investor" is defined as "Any Entity who owns an interest in a Viatical Policy brokered, sold or marketed by Beneficial and administered by PES, and the proceeds from such interest had not been paid to such Entity as of the Petition Date…" (Plan at 4.)

On November 19, 2004, this adversary proceeding was commenced in the Bankruptcy Court. The First Amended Complaint was filed on February 2, 2005. The gravamen of the action is that Defendants were allegedly negligent in providing inaccurate life expectancy projections on which the Debtor and its Investors allegedly relied.

Defendants filed a Motion to Dismiss the Investor-related claims on December 23, 2005, to which Plaintiff filed a response. In a Memorandum and Order, dated May 23, 2006, the Bankruptcy Court granted Defendants' Motion, and ordered that "all counts in the amended complaint filed by plaintiff Premium of America, LLC in this adversary proceeding … are DISMISSED except insofar as those counts refer to causes of action previously held by the debtor Premium Escrow Services, Inc." (Order at 2.)

The court's Order also stated: "the foregoing dismissal, based on such dismissed claims having not fallen within the category of proceedings referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a), is not an adjudication of whether the dismissed claims could be asserted in the district court[.]"

Presumably based on this language, Plaintiff filed a Motion to Vacate Order Dismissing Investor-Related Claims so that Plaintiff May Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 ("Motion to Vacate") in the Bankruptcy Court. The Bankruptcy Court denied Plaintiff's Motion to Vacate, but recommended, *sua sponte*, that the reference to that Court be withdrawn with respect to the entire proceeding. The Bankruptcy Court anticipated that Plaintiff might seek to assert the Investor-related claims in this Court, and sought efficient use of judicial resources.

This Court withdrew the reference to the Bankruptcy Court in an Order dated July 25, 2006, and Plaintiff filed this Motion on August 4, 2006, although Defendants were not served with the Motion until August 23, 2006.

## ARGUMENT

Plaintiff's Motion should be denied. First, amendment of the Complaint would be futile – the reference has been withdrawn only to the extent of whatever claims remained in the Bankruptcy Court's proceeding – the Investor-related claims are no longer part of that proceeding, and even amending allegations of jurisdiction will not change the dismissal. If Plaintiffs are to be permitted to litigate those claims in this Court, they cannot regain jurisdiction after dismissal simply by amending the Complaint. Plaintiff should be required to re-file the Investor-related claims – because they were, in fact, dismissed – and be subjected to any new defenses Defendants could raise as to the jurisdiction of this Court or the applicable statute of limitations.

Second, Plaintiff is the master of its case and litigation strategy. It filed the Complaint in the Bankruptcy Court and Defendants demonstrated, after significant litigation, that the Bankruptcy Court lacked jurisdiction over the Investor-related claims.

Plaintiff should not be permitted to circumvent that ruling and its failure to appeal, and the attendant statute of limitations problems it now faces by simply amending the withdrawn case in this Court.

In the event this Court does not deny the request, Defendants respectfully request that they be permitted to engage in discovery for the limited purpose of determining whether Plaintiff's allegations of jurisdiction are, in fact, correct. Plaintiff's allegations of jurisdiction are based on contact information for individual investors – that information may or may not be correct or indicative of citizenship.

### A.   Plaintiff is the Master of This Case, and Should Not Be Permitted to Assert New Grounds for Jurisdiction Because Its Litigation Strategy Failed – Granting POA's Motion Would Reward Plaintiff's Blatant Forum Shopping.

Plaintiff impermissibly seeks to sustain jurisdiction on a theory it has not previously advanced in an effort to make an end run around the law and to resurrect claims already dismissed. Its action, which constitutes blatant forum shopping, is inequitable and should not be permitted.

According to the Supreme Court:

> Jurisdiction may not be sustained on a theory that the plaintiff has not advanced. See *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480, 35 S.Ct. 658, 659, 59 L.Ed. 1056 (1915) ("[T]he plaintiff is absolute master of what jurisdiction he will appeal to"); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon"). See also *United States v. Mottaz*, 476 U.S. 834, 850, 106 S.Ct. 2224, 2233, 90 L.Ed.2d 842 (1986).

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986). The District of Columbia Court of Appeals has also noted:

> [The provisions of 28 U.S.C. § 1653] certainly do not give the court authority, *sua sponte*, to construct petitioners' case for them. We are

> skeptical, moreover, whether amendments to the allegations of
> redressability are appropriate in this case. As one of us has said in another
> context, "[a] lawsuit is not a continuing dialogue with the judiciary in
> which a party may try different theories of standing until one succeeds."
> *Center for Auto Safety*, 847 F.2d at 877 n.2 (opinion of Silberman, J.).

*Dellums v. U.S. Nuclear Regulatory Comm'n*, 863 F.2d 968, 975 n.8 (D.C. Cir. 1988).

This rationale is applicable in this case – Plaintiff cannot bounce between theories of

jurisdiction, and courts, until their matter is accepted, all while tolling the statute of

limitations because they incorrectly initially filed in the Bankruptcy Court. Although

Section 1653 may permit a plaintiff to amend defective pleadings, the statute does not,

nor should it, permit a plaintiff to employ an entirely new jurisdictional statement in

order to avoid the preclusive effects of its improper forum choice.

POA's Motion is nothing more than a blatant attempt at forum shopping. Because

the Bankruptcy Court has ruled that it does not have jurisdiction to adjudicate Plaintiff's

Investor-related claims, it seeks to reassert those claims in this Court first, by way of

vacating the dismissal the Bankruptcy Court and transferring the matter to this Court in

an effort to avoid the expiration of the statute of limitations and, after that tactic failed,

attempting to amend their Complaint to provide entirely new allegations of jurisdiction.

POA sought to have its rights adjudicated in the Bankruptcy Court by filing its

complaint there. If, as POA contends, diversity existed at the time the Complaint was

filed, this matter could have been originally filed in the District Court and the parties

could have been saved the time and expense of litigating Defendants' Motion to Dismiss

and Motion to Withdraw the Reference, as well as Plaintiff's Motion to Vacate. POA did

not file this matter in this Court. In fact, POA vigorously opposed Defendants' attempts

to withdraw the reference in this case to the District Court, which, if permitted, would have prevented significant litigation in this matter.

Defendants challenged the Bankruptcy Court's jurisdiction as to the Investor-related claims. That Court agreed that it lacked jurisdiction over the Investor-related claims, and dismissed those claims. POA's litigation strategy failed. Plaintiff now seeks another chance to re-litigate its claims in this Court. Plaintiff should not be permitted to bypass the requirements of Section 1653 in order to salvage its mistake.

**C.    Even if Plaintiff is Permitted to Amend Its Complaint, the Investor-Related Claims Have Been Dismissed and Cannot Be Reinstated Simply by an Amendment.**

After considering Defendants' Motion to Dismiss as to the Investor-Related claims, the Bankruptcy Court dismissed those claims. Plaintiffs filed a Motion to Vacate the dismissal, which was denied, but no appeal was taken. The dismissal of the Investor-related claims from the adversary proceedings is now final. Thus, if and when this Court withdrew the reference in this proceeding, only the PES-related claims remained in this proceeding. Plaintiff should not be permitted to amend its Complaint to add thousands of potential claims that have already been dismissed – permitting Plaintiff to amend its Complaint in that fashion would simply overrule, without an appeal, the Bankruptcy Court's dismissal and the effects thereof.

**D.    Plaintiff Should Not Be Permitted to Amend Its Complaint because 28 U.S.C. § 1653 Does Not Contemplate Amendments in Factual Circumstances Such as are Presented in this Proceeding.**

Assuming that this Court determines that it would not be futile for Plaintiff to amend its Complaint to re-assert the Investor-related claims, the amendment should not

be permitted because it is not of the type contemplated by the governing statute, 28 U.S.C. § 1653, and permitting the amendment would be inequitable.

28 U.S.C. §1653 provides:

Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

Based on this limited language, POA seeks to assert a new basis for jurisdiction, which was not previously mentioned, contained in the record, or otherwise alleged. Plaintiff is not attempting to "cure" a defective statement of jurisdiction, but to assert a new basis of jurisdiction that has not been asserted previously -- such an assertion is not permitted by the controlling construction, or a reasonable reading, of 28 U.S.C. § 1653.

> 1. Plaintiff Ignores that 28 U.S.C. § 1653 Permits Only Amendments of "Defective Allegations" of Jurisdiction, not Assertion of New Jurisdictional Facts.

Plaintiff seeks not to amend a defective allegation of jurisdiction in the Bankruptcy Court, but to amend its First Amended Complaint so that jurisdictional facts would be alleged that might confer jurisdiction on this Court. Plaintiff does not seek to merely correct a flawed jurisdiction allegation, but to change the jurisdictional facts alleged to assert a new basis for jurisdiction in a different court. Plaintiff leaves out an important element from its discussion of the requirements for an amended statement of jurisdiction pursuant to 28 U.S.C. § 1653 – the newly asserted statement of jurisdiction must be found within the record before the originating court. In none of the cases cited by Plaintiff does the plaintiff assert an entirely new basis for jurisdiction -- the statutory purpose of Section 1653 is to prevent unnecessary dismissals where jurisdiction may be demonstrated, or at least hinted to, in the existing record. Until Plaintiff's Motion to

Vacate was filed in the Bankruptcy Court, there was no evidence in this record of diversity of the parties.

According to the Supreme Court: "§ 1653 speaks of amending 'allegations of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). The Court further stated:

> Surely a change that would empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed before is much more than a change in phraseology. Furthermore, every Court of Appeals that has considered the scope of § 1653 has held that it allows appellate courts to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts.

*Id.* at 831-32. A court's authority to amend jurisdictional allegations is not unlimited: "While we are cognizant that '[d]efective allegations of jurisdiction may be amended,' 28 U.S.C. § 1653, courts are not obliged to indulge litigants indefinitely, especially when their amendments constitute futile gestures." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.21 (D.C. Cir. 1983). *See also Garza v. Midland Nat'l Ins. Co.*, 256 F.Supp. 12, 14 (S.D.Fla. 1966) ("[28 U.S.C. § 1653] refers only to 'defective' allegations of jurisdiction, not 'missing' allegations....To add a new allegation of jurisdiction, as defendant seeks to do here, is not permitted by the statute or the Supreme Court."); *Smith v. Fisher Pierce Co.*, 248 F.Supp. 815, 816 (E.D.Tenn 1965) ("While 28 U.S.C. § 1653 permits defective allegations of jurisdiction to be amended in this court, this section permits amendment to cure defects only of form, not of substance."); *Barrientos v. UT-Battelle, LLC*, 284 F.Supp.2d 908, 912 (S.D.Ohio 2003) ("Under 28 U.S.C. § 1653, allegations of jurisdiction may be amended when defective. This provision may not be 'invoked to claim an entirely new and distinct jurisdictional basis.' *Holt v. Lockheed*

*Support Sys.*, 835 F.Supp. 325, 327 (W.D.La. 1993).  Amendments should do nothing more than set forth in proper form something imperfectly stated in the original notice of removal.  *Jackson v. Metro. Life Ins. Co.*, 433 F.Supp. 707, 709 (E.D.Ky. 1977); *Cline v. Belt*, 43 F.Supp. 538, 540 (E.D.Ky. 1942).”);  *Arancio v. Prudential Ins. Co. of America*, 247 F.Supp. 2d 333, 337 (S.D.N.Y. 2002)  (“Although a removing party may be given leave to cure a defective ground for removal under 28 U.S.C. § 1653 barring “’total absence of jurisdictional foundations,’” *see, e.g., Grow Group, Inc. v. Jandernoa*, 94 Civ. 5679(RPP), 1995 WL 60025 (S.D.N.Y. Feb. 10, 1995) … such amendments are in the court’s discretion and are intended to preserve jurisdiction where it exists but was *defectively stated*.” (citations omitted, emphasis in original).).

In this case, the amendment sought by Plaintiff is to remedy non-existent jurisdictional facts and is not permitted by the language or judicial construction of Section 1653.  Plaintiff seeks to re-craft its First Amended Complaint to state facts that create jurisdiction in this Court.  Plaintiff’s request, facially, is not permitted by the clear jurisprudence in this case – the cases cited by Plaintiff in support of its Motion are far more limited than the request made by Plaintiff.

> 2. The Cases Relied Upon by Plaintiff are Distinguishable Because POA, Unlike Plaintiffs in the Cited Cases, Made No Allegations of Diversity of Jurisdiction in its First Amended Complaint.

The Plaintiff relies primarily on three cases to support its argument: *District of Columbia et rel. Am. Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1044 (D.C. Cir. 1986), *Roy v. Therdyne Corp.*, 1997 WL 159430 (D.C. Cir. 1997), and *LeBlanc v. Cleveland*, 248 F.3d 95 (2d Cir. 2001).  Each of these cases is distinguishable from the present case because *Transamerica* and *Roy* involve cases where jurisdictional

allegations were in the record before the court, although defectively stated – unlike this case where there were no allegations supporting diversity of the parties' citizenship in the record. *LeBlanc* does not support Plaintiff's position because it weighs the equities of permitting the amendment, which, in this case, weigh heavily in favor of Defendants, who have already successfully challenged jurisdiction once.

> a. In <u>Transamerica</u>, *Some Statement Alleging Diversity Jurisdiction Existed in the Record – the Court Did Not Consider the Effect of Absent Allegations of Diversity Jurisdiction.*

In *Transamerica*, *supra*, the prime contractor in a public works contract was required to obtain performance and payment bonds. When the prime contractor did not pay a subcontractor in full, the subcontractor brought suit under the District of Columbia's Little Miller Act against the provider of the payment bond, Transamerica Insurance Company. Transamerica argued on appeal that diversity of citizenship was not proven at trial and did not exist. According to the Court: "Whether or not diversity existed in fact, the complaint in this case was defective in that it failed to properly allege such diversity. Although the complaint stated that 'jurisdiction is vested in this Court in that there is diversity of citizenship between the parties,' Complaint ¶ 3, the requisite underlying facts were not properly alleged." *Transamerica*, *supra*, 797 F.2d at 1044. The Court determined that the complaint was "defective," with respect to alleging diversity jurisdiction. *Id*.

The Court stated: "In general, 'a [d]efective allegation[ ] of jurisdiction may be amended, upon terms, in the trial or appellate courts.' 28 U.S.C. § 1653. Section 1653's liberal amendment rule permits a party who has not *proved*, or even alleged, that diversity exists to amend his pleadings even as late as on appeal." *Id*. The Court then noted that,

"[Plaintiff's] failure to initially plead the elements necessary to make out a showing of diversity does not in and of itself deprive us of jurisdiction. The whole record may be searched to determine if diversity existed. If the record supports a finding that diversity was present, we need not vacate the district court's judgment. Amended allegations of diversity, made on appeal, if not contested will also support the district court's judgment." *Id*.

The Court did not, however, consider what would occur in the present case, where the complaint's allegations of diversity jurisdiction are not "defective," but are nonexistent. Other courts, which have considered nonexistent jurisdictional allegations, have found that amendments are not proper in such cases, as discussed *supra* at pages 10-11.

> b.    In <u>Roy</u>, Some Statement Alleging Diversity Jurisdiction Existed in the Record – the Court Did Not Consider the Effect of Absent Allegations of Diversity Jurisdiction.

Plaintiff's reliance on *Roy v. Theradyne Corp.*, 1997 WL 159430 (D.C. Cir. 1997), is similarly misplaced. In *Roy*, an individual plaintiff who resided in the District of Columbia was injured when her wheelchair collapsed. Just before the statute of limitations on her action ran, the plaintiff filed suit. The plaintiff in *Roy* alleged that subject matter jurisdiction existed based on diversity of the parties. *Id*. at *1. The complaint alleged that the plaintiff was a resident of the District of Columbia, that two defendants were Minnesota corporations, that a third defendant was an Ohio corporation, and that the final defendant was a corporation organized under the laws of the District of Columbia. *Id*. The District Court ordered the plaintiff to show cause why the complaint should not be dismissed on the grounds that complete diversity did not exist. *Id*. The

plaintiff sought to amend her complaint to dismiss the non-diverse defendant and add federal claims. The District Court dismissed the complaint, and the plaintiff appealed. *Id*.

On appeal, the Court of Appeals considered the implications of 28 U.S.C. § 1653 on the plaintiff's request and District Court's ruling. The Court stated that, where diversity jurisdiction may have existed, and may have been apparent in the record, "§ 1653 would authorize the district court to correct the inadequate allegation of diversity jurisdiction in [plaintiff's] complaint. *See Newman-Green*, 409 U.S. at 830-32 (section 1653 allows courts to remedy defective allegations of jurisdiction where jurisdiction in fact exists); *Transamerica*, 797 F.2d at 1044 (section 1653 permits amendment to correct defectively alleged jurisdiction if record supports finding diversity present)." *Id*. at *2.

As in *Transamerica*, the plaintiff in *Roy* alleged that diversity jurisdiction existed in her initial pleading. Although her allegation of jurisdiction was defective, the defendants were on notice to contest jurisdiction on that ground. In this case, Defendants had no notice that Plaintiff contended the parties were diverse because there was simply no allegation on which to even consider diversity jurisdiction in the First Amended Complaint.

> c.      In <u>LeBlanc</u>, as in the Other Cases Cited but Not in the Present Case, Some Statement of the Jurisdiction <u>Sought to be Asserted Could be Found in the Record.</u>

In *LeBlanc v. Cleveland*, 248 F.3d 95 (2d Cir. 2001), the plaintiffs were injured when their rented kayak was struck by a motor boat on the Upper Hudson River. The plaintiffs brought suit in federal court, invoking the court's admiralty jurisdiction. The District Court determined that the Hudson River was not navigable water, and the court

did not have admiralty jurisdiction over the plaintiffs' claims.  *Id*. at 99.   Admittedly, it is

not clear from the Circuit Court's decision when the plaintiff first alleged any facts

supporting the existence of diversity jurisdiction.

The Court held that the complaint should be reinstated and certain amendments to

the pleadings permitted to reinstate the complaint.  *Id*. at 101.  The Court specifically

looked to the likelihood of prejudice to the defendants in reinstating the suit:

> [The defendant] will not suffer undue prejudice as a result
> of these amendments. … [The defendant] has had notice of
> the complaint from the date it was filed.  We agree with
> [plaintiff's] contention that [the defendant] will not be
> required to incur significant additional expenses to prepare
> for trial, as it filed its motion to dismiss for lack of subject-
> matter jurisdiction on the day before trial was originally
> scheduled to commence.  Therefore, trial preparations and
> discovery have already been substantially completed.

*Id*. at 100.   This consideration weighs <u>against</u> permitting POA to amend its First

Amended Complaint further.  In this case, the parties have expended considerable time

and expense litigating both Defendants' Motion to Dismiss and Motion to Withdraw the

Reference.   Defendants promptly filed their Motion to Dismiss and Motion to Withdraw

the Reference – Plaintiff, the only party that could be aware of the parties' diverse

citizenship, waited until that litigation had proceeded to finality to raise the question of

diversity jurisdiction.

Discovery has not been completed in this case and there is, by all accounts,

considerable discovery remaining.  The equities are against Plaintiff in its attempt to side

step a statute of limitations or other jurisdictional defense in this Court after its initial

strategy failed, twice, in the Bankruptcy Court.

## <u>CONCLUSION</u>

Plaintiff's forum shopping and attempts to bypass the requirements of the law should not be rewarded – its Motion should be denied in its entirety.  The outcome sought by Plaintiff is entirely inequitable – Plaintiff seeks to protect itself from possible jurisdictional defenses in this Court by seeking to have the amendments "relate back" to the original filing in this case.  This back door attempt to avoid the implications of the Bankruptcy Court's Order, and Plaintiff's failure to appeal, must be denied.

August 30, 2006

/s/ Brian J. Nash
Brian J. Nash, D.C. Bar No. 230771
Nash & Associates, LLC
809 Gleneagles Court, Suite 201
Towson, Maryland 21286
(410) 321-6660

/s/ Stephen M. Goldberg
Alan M. Grochal, D.C. Bar No. 315218
Stephen M. Goldberg, D.C. Bar No. 339705
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700

*Attorneys for Defendants William C. Sanchez, M.D. and William C. Sanchez, M.D., P.C.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of August, 2006, a copy of the foregoing

Opposition to Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to

28 U.S.C. § 1653 was sent either electronically or mailed, first-class, postage-prepaid, to:

> Paul S. Caiola, Esquire
> David G. Sommer. Esquire
> Gallagher Evelius & Jones, LLP
> 218 N. Charles Street, Suite 400
> Baltimore, Maryland 21201

> /s/ Stephen M. Goldberg
> Stephen M. Goldberg, D.C. Bar No. 339705