## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PREMIUM OF AMERICA, LLC,           *

    Plaintiff                              *

       v.                                   *        **CASE NO. 06-1325 RJL**

William C. Sanchez, M.D.            *

    and                                    *

William C. Sanchez, M.D., P.C.,     *

    Defendants.                            *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## PREMIUM OF AMERICA, LLC'S
## REPLY MEMORANDUM

Plaintiff Premium of America, LLC ("POA"), through counsel, Paul S. Caiola, David G. Sommer, and Gallagher Evelius & Jones LLP, submits this reply memorandum responding to Defendants' Opposition to plaintiff's Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 (the "Opposition").

In its initial memorandum, POA established that POA should be permitted to amend its Complaint pursuant to 28 U.S.C. § 1653 ("Section 1653") because diversity jurisdiction existed at the time this action commenced. In their Opposition, Defendants cite inapplicable cases and attempt to impose upon the Court their misunderstanding of Section 1653. In all of their bluster, however, Defendants completely overlook (or intentionally disregard) an authoritative case in which the D.C. Circuit interpreted

# 310516
012053-0007

Section 1653 to allow amendment in circumstances closely resembling the case at bar.

Under this established authority, as well as for other reasons discussed more fully below,

Defendants' arguments should be rejected and POA should be permitted to amend its

Complaint and correct the defective allegations of jurisdiction.

      A.      <u>POA has not participated in forum shopping.</u>

According to Defendants, permitting the proposed amendment would reward POA

for what Defendants term "blatant forum shopping." Opposition at 6. This claim is

meritless. POA has not participated in forum shopping. POA initially filed its claims

against Defendants in bankruptcy court because it believed the bankruptcy court had

subject matter jurisdiction over the claims. Indeed, POA alleged in its complaint that the

action was a "core proceeding" under 28 U.S.C. § 157(b). Having filed its complaint as

an adversary proceeding in the bankruptcy case, POA was in no position to assert

diversity jurisdiction as an additional or alternative basis for subject matter jurisdiction,

as the bankruptcy court is unable to adjudicate a case founded on diversity jurisdiction.

Upon issuance of the dismissal order by the bankruptcy court, POA considered

whether an alternative basis for jurisdiction existed. At that time, the limitations period

on POA's claims against Defendants arguable had run, and the discovery period had

expired in the adversary proceeding. Contrary to Defendants' arguments, POA was not

participating in "blatant forum shopping." Rather, POA moved to amend its complaint

for several legitimate reasons. First, POA sought to preserve the viability of its claims, as

Defendants would certainly assert a limitations defense in any new federal action.

Second, POA sought to have all of its claims against Defendants (both the Investor-Related Claims and the PES-assigned claims) litigated in a single action. Finally, POA sought to preserve the procedural posture of its action against Defendants. Defendants filed their motion to dismiss in the adversary proceeding just four weeks before the discovery deadline, and POA does not believe Defendants should be permitted to begin anew with discovery.[1]

Defendants' forum shopping allegation is odd. Given that Defendants prayed a jury trial in the adversary proceeding and would not consent to the jury trial being adjudicated in the bankruptcy court, this matter was destined to be tried in the district court in any event. Indeed, Defendants moved for withdrawal of the reference even before the bankruptcy court made its <u>sua</u> <u>sponte</u> recommendation seeking withdrawal.[2]

B.    POA's proposed amendment is not futile.

Defendants next assert that "[t]he dismissal of the Investor-related claims from the adversary proceeding is … final," and that "permitting Plaintiff to amend its Complaint … would simply overrule, without an appeal, the Bankruptcy Court dismissal and the

---

[1]    POA has no objection, however, to Defendants conducting discovery on the factual basis for POA's claim of diversity jurisdiction.

[2]    Defendants quote <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 809 n.6 (1986) for the proposition that "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." Opposition at 6. <u>Merrell Dow</u> is irrelevant to the present case, however, since POA has advanced the jurisdictional theory on which it now relies. Defendants also quote <u>Dellums v. U.S. Nuclear Regulatory Comm'n</u>, 863 F.2d 968, 975 n.8 (D.C. Cir. 1988), which provided that Section 1653 "certainly do[es] not give the court authority, <u>sua</u> <u>sponte</u>, to construct petitioners' case for them." Unlike the plaintiffs in <u>Dellums</u>, however, POA has no expectation that this Court will act <u>sua</u> <u>sponte</u> to amend the Complaint pursuant to Section 1653. Rather, POA has moved to amend and has invoked Section 1653 in support of its motion.

# 310516
012053-0007

effects thereof."    Opposition at 8.    Defendants thus assert that POA's proposed amendment is futile.  Id. at 5.  This argument misses the mark for several reasons.

First, POA's amendment would not "overrule" the intentions of the bankruptcy court.  The bankruptcy court recommended that this Court withdraw the reference sua sponte to consider the merits of POA's request to cure its defective allegations of subject matter jurisdiction.  See Order Denying Motion to Vacate at 3-6.  Allowing POA to amend is fully consistent with this ruling.  Indeed, the bankruptcy court specifically noted that POA might re-plead its claims in this Court following the withdrawal of the reference by filing "a motion in the district court for leave to amend the complaint to assert diversity jurisdiction."  Id. at 4 n.1.  This is precisely what occurred.

Moreover, in electing not to appeal, POA did not allow the order of dismissal to become final, as Defendants claim.    To the contrary, POA timely challenged the dismissal order by filing a motion to vacate (the "Motion to Vacate").  The Motion to Vacate was filed ten days after dismissal of the Investor-Related Claims, in accordance with the deadline set forth in Fed. R. Civ. P. 59(e).

Further, the dismissal was not on the merits of the Investor-Related Claims, and thus should not be deemed final in any event.  See Nagler v. Admiral Corp., 248 F.2d 319, 322 (2d Cir.1957) ("outright dismissal for reasons not going to the merits is viewed with disfavor in the federal courts"); Harrison v. Enventure Capitol Group, Inc., 666 F. Supp. 473, 479 (W.D.N.Y. 1987) (same).  Here, the bankruptcy court merely held that "the dismissed claims were not the types of claims that could be referred to the

bankruptcy court," and noted that "[t]here remains an open question whether the claims can be asserted at the district court level." See Order Denying Motion to Vacate at 2. This ruling simply does not indicate that the requested amendment should be disallowed.

Finally, Defendants' argument is inconsistent with Judge Hogan's Order Withdrawing Reference to the Bankruptcy Court ("Order Withdrawing Reference"). Judge Hogan ruled that withdrawal of the reference was appropriate "for purposes of exercising jurisdiction over the entire proceeding if it determines that subject matter jurisdiction exists over the Investor-Related Claims." Order Withdrawing Reference at 1. Judge Hogan further ordered that POA could "file any motion for leave to amend the complaint to allege any additional basis for jurisdiction within fourteen days after entry of this Order." Id.

In sum, POA timely challenged the bankruptcy court's dismissal order by filing the Motion to Vacate. Thereafter, the bankruptcy court recommended that the reference be withdrawn so that this Court could allow the requested amendment if subject matter jurisdiction is determined to exist over the Investor-Related Claims. Defendants have not even asserted in their Opposition that diversity jurisdiction was lacking at the time POA initiated this action in the bankruptcy court. For these reasons, there is no basis for concluding that POA's proposed amendment would be futile.

C.      The cases relied upon by Defendants are inapplicable because
        they involve the removal of state court proceedings.

Defendants contend erroneously that Section 1653 does not permit a plaintiff to amend its pleadings to assert grounds for federal jurisdiction that had not been previously

alleged in the original complaint.  Opposition at 9.  As support for this contention, Defendants rely on a series of distinguishable cases in which courts outside this Circuit address Section 1653 in the narrow circumstances where a plaintiff seeks to amend a petition for removal after the statutory period for removing the case has passed. Moreover, Defendants conspicuously ignore Commercial Union Ins. Co. v. United States, 999 F.2d 581 (D.C. Cir. 1993), a controlling case in this Circuit outside of the removal context that completely emasculates Defendants' contentions and permits amended pleadings to allege a new basis for federal jurisdiction.

Defendants' reliance on the "removal cases" is misplaced.  When a party seeks only to amend incorrect statements of jurisdiction and not to alter jurisdictional facts, the D.C. Circuit has made clear that "Section 1653's liberal amendment rule permits a party who has not proved, or even alleged, that diversity exists to amend his pleadings even as late as on appeal."  District of Columbia ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co., 797 F.2d 1041, 1044 (D.C. Cir. 1986) (emphasis added).  This is true even where a party has defectively alleged one basis for federal jurisdiction (such as federal question) and then seeks to amend its pleadings to allege a different ground for federal jurisdiction (such as diversity).  See Commercial Union, 999 F.2d at 585-86.

In cases where a party seeks to remove a state court action, however, the removal statutes, which "are to be strictly construed against removal," preclude the same liberal application of Section 1653 that is available outside of the removal context.  See Garza v. Midland National Ins. Co., 256 F. Supp. 12, 14-15 (S.D. Fla. 1966) (citing Shamrock Oil

& Gas Corp. v. Sheets, 313 U.S. 100 (1941)).  As the Second Circuit explained, "[t]he

right to remove a state action to federal court on diversity grounds is statutory....  In light

of the congressional intent to restrict federal court jurisdiction, as well as the importance

of preserving the independence of the state governments, federal courts construe the

removal statute narrowly, resolving any doubts against removability."  Lupo v. Human

Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994).

In recognition of this congressional intent and the policy against interfering

unnecessarily with the jurisdiction of the state courts, courts have held that "if the

allegations in the petition of removal or the facts in the record as filed, if true, are not

sufficient to transfer the case from the state court, then the federal court never had

jurisdiction, and of course, cannot take jurisdiction for the purpose of allowing an

amendment."  Freeman v. Butler, 39 F. 1, 4 (C.C.D. Kent. 1889).  In other words, where

a party fails to allege a proper theory for federal jurisdiction in its petition for removal

and the thirty-day period allowed for the removal procedure has passed, the district court

lacks jurisdiction to permit an amended removal petition alleging an entirely new basis

for federal jurisdiction.  Garza, 256 F. Supp. at 15 (citing 28 U.S.C. § 1446(b)).  Within

the strict confines of the removal statutes, only an amendment to correct an existing yet

imperfect allegation of federal jurisdiction is allowable beyond the thirty-day period

prescribed by 28 U.S.C. § 1446(b).  Id.

Every case cited and selectively quoted by the Defendants for the proposition that

a party may not amend its pleadings to allege a jurisdictional basis "missing" in the

# 310516
012053-0007

original complaint arises in the removal context.  Opposition at 10-11 (citing Garza, 256

F. Supp. at 14; Smith v. Fisher Pierce Co., 248 F. Supp. 815, 816 (E.D. Tenn. 1965);

Barrientos v. UT-Battelle, LLC, 284 F. Supp.2d 908, 912 (S.D. Ohio 2003);  Holt v.

Lockheed Support Sys., 835 F. Supp. 325, 327 (W.D. La. 1993); Jackson v. Metro. Life

Ins. Co., 433 F. Supp. 707, 709 (E.D. Ky. 1977);  Cline v. Belt, 43 F. Supp. 538, 540

(E.D. Ky. 1942);  Arancio v. Prudential Ins. Co. of America, 247 F. Supp.2d 333, 337

(S.D.N.Y. 2002);  Grow Group, Inc. v. Jandernoa, 1995 WL 60025 (S.D.N.Y. Feb. 10,

1996)).[3]

The present case, of course, does not involve removal.  Here, POA seeks for the

first time to cure its defective allegations of jurisdiction and to amend its Complaint to

---

[3]     Defendants cite and quote one case from the D.C. Circuit:  Naartex Consulting Corp. v.
Watt, 722 F.2d 779 (D.C. Cir. 1983).  Opposition at 10.  For obvious reasons, Defendants do not
explain the factual circumstances of Naartex, which are readily distinguishable from the instant
case.  In Naartex, the plaintiff originally sought the district court's jurisdiction pursuant to a
federal statute, which the court determined did not provide a private right of action.  Id. at 791-
92.  After dismissal of the federal claim, only the plaintiff's pendent state claims remained.  Id. at
792.  The court acknowledged that federal jurisdiction still would have existed with respect to
the state claims if the plaintiff had amended the complaint properly to allege diversity of
citizenship.  Id.  The plaintiff, however, had already amended its complaint three times after
notice that diversity jurisdiction was required.  Despite those three attempts, the plaintiff failed to
allege diversity of citizenship properly.  Id.  In light of the plaintiff's repeated failures to allege
diversity properly, the court exercised its discretion to deny the plaintiff a further opportunity to
amend the pleadings.  The court recognized that "defective allegations of jurisdiction may be
amended" but suggested that another amendment would "constitute [another] futile gesture[]."
Id. at 792 n.21.

Here, amendment to the complaint would not constitute a futile gesture because POA has
proposed allegations that, if allowed, would constitute adequate statements of federal
jurisdiction.  In addition, POA has placed evidence in the record that the citizenship of the parties
is diverse and that this Court has jurisdiction over POA's claims pursuant to 28 U.S.C. § 1332.
Defendants do not even dispute that POA's proposed amendments establish the requisite
diversity of citizenship.

add allegations that diversity of citizenship existed at the time the action commenced. This Court has discretion to provide such relief under Section 1653, which in this context is to be liberally construed. The Court is not constrained by the policy disfavoring removal or the strictly construed requirements of the removal statute.

Defendants completely disregard the case in which the D.C. Circuit construed Section 1653 outside of the removal context and allowed amended jurisdiction under a theory not initially pleaded by the plaintiff. Commercial Union, 999 F.2d at 585-86. As explained in POA's initial memorandum, the D.C. Circuit in Commercial Union exercised jurisdiction over a case pursuant to federal question jurisdiction under 28 U.S.C. § 1331, even though the party originally and defectively had alleged only diversity jurisdiction pursuant to 28 U.S.C. § 1332. Id. at 586. Because federal question jurisdiction existed in the record, the D.C. Circuit concluded that § 1653 allowed amended jurisdiction even though the correct and amended grounds for federal jurisdiction (federal question jurisdiction) were different from the theory (diversity jurisdiction) that was originally pleaded. Id. at 585-86. The D.C. Circuit in Commercial Union did not regard the change in jurisdictional theory as a barrier to permitting amended allegations pursuant to § 1653.

Here, POA originally invoked and alleged federal jurisdiction under 28 U.S.C. § 1334. When it became apparent that the original jurisdictional allegations were defective, POA sought leave to correct the jurisdictional statement by alleging federal jurisdiction under 28 U.S.C. § 1332. As in Commercial Union, the fact that POA seeks to change the

grounds on which federal jurisdiction rests does not preclude the liberal application of

Section 1653 or the proposed amendment to POA's complaint.

> ### D.   POA seeks to amend defective allegations of diversity, not remedy jurisdictional facts.

Defendants assert that POA's original complaint must have contained some

allegations of diversity in order to invoke Section 1653 as a basis for amending the

complaint.  Opposition at 11.  Defendants characterize POA's motion as an attempt to

"remedy non-existent jurisdictional facts" and to "state facts that create jurisdiction in

this Court."  Id.

Defendants' arguments are flawed for at least two reasons.  First, the D.C. Circuit

does not require that the original complaint (or anything in the record before the Section

1653 motion is filed) contain allegations of federal jurisdiction under the theory that the

party seeks to advance.  The D.C. Circuit has explained that the "failure to initially plead

the elements necessary to make out a showing of diversity does not in and of itself

deprive [the Court] of jurisdiction."  Transamerica, 797 F.2d at 1044 (emphasis added).

Rather, "[t]he whole record may be searched to determine if diversity existed."  Id.  In

fact, in Transamerica, the D.C. Circuit permitted a party to amend its allegations of

diversity after that party placed evidence of diversity of citizenship into the record for the

first time by motion on appeal.  Id.  Here, POA does the very same thing yet prior to any

appeal; by way of a motion, POA presents for the first time evidence of diversity of

citizenship as required for jurisdiction under 28 U.S.C. § 1332.   Thus, like in

Transamerica, the record (which includes the Motion and corresponding exhibits)

"supports a finding that diversity was present" and that the Court had jurisdiction at the time of the initial complaint.  Id.

Second, contrary to Defendants' assertion, POA's Motion and proposed amended complaint do not alter any jurisdictional facts or create new facts to establish jurisdiction. The Motion places into the record evidence indicating that federal jurisdiction exists and that the parties were diverse pursuant to 28 U.S.C. § 1332 as of the date the initial complaint was filed.  POA has not added claims or parties to manufacture facts that would establish federal jurisdiction.  See Commercial Union, 999 F.2d at 585 (stating that "a party may not 'substitute new causes of action' to allege federal question jurisdiction where other grounds for jurisdiction have been defeated") (citing Boelens v. Redman Homes, Inc., 759 F.2d 503, 512 (5th Cir. 1985)).  POA is merely reciting the facts (and the jurisdictional basis) that existed at the time the suit was initiated.  The D.C. Circuit has interpreted Section 1653 to permit this type of amended allegations.  See Transamerica, 797 F.2d at 1044 (declaring that, when diversity has not been "even alleged," Section 1653 still allows a plaintiff to amend its pleadings "even as late as on appeal").

E.    The equities weigh in favor of permitting POA's requested relief.

Defendants argue that they will be unfairly prejudiced if POA were permitted to amend its complaint to allege diversity jurisdiction.  Opposition at 15.  Defendants state that they "promptly filed their Motion to Dismiss and Motion to Withdraw the Reference" and that "there is, by all accounts, considerable discovery remaining."  Both

statements are simply not true.  Further, if the equities favor any result, it would be one that allows POA to proceed with its claims in this Court.

Defendants did not promptly file their Motion to Dismiss and Motion to Withdraw the Reference.  POA served the First Amended Complaint on February 2, 2005. Defendants opted to answer the complaint and engage in discovery for more than nine months before filing the Motion to Withdraw the Reference on November 28, 2005. Defendants filed the Motion to Dismiss on December 23, 2005, only four weeks before the discovery deadline and more than ten months after being served.  To suggest that these filings were somehow "prompt" is flatly misleading.  POA should not be held responsible for Defendants' deliberate choice to participate in discovery for almost a year before raising the jurisdictional issues.  And because discovery did proceed for many months before Defendants filed their motions, most of it is already complete.  For example, before Defendants filed their motions, the parties designated experts, exchanged expert reports, propounded and responded to written discovery, and exchanged many documents.  The parties will not, as Defendants suggest, need to engage in "considerable discovery." Opposition at 15.

Finally, if this Court denies POA the opportunity to amend its pleadings, POA may be irreparably harmed.  Defendants have indicated that they intend to raise limitations defenses, which, if successful, may completely bar POA's claims.  Most, if not all, of these defenses are not available to Defendants if POA is allowed to amend its pleadings in this case and maintains the benefit of its original filing date of November 19,

2004.  Defendants admittedly hope to seize on an adverse ruling against POA to escape altogether liability for the wrongdoing that caused substantial losses to POA's thousands of members, many of whom are over the age of 75 and invested their entire retirement savings in reliance on Dr. Sanchez's faulty life expectancy evaluations.  The Court should not permit such an inequitable result where POA has placed evidence in the record that POA's claims are subject to this Court's jurisdiction.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in POA's initial memorandum in support of the Motion, POA respectfully requests that this Court grant POA's motion, permit POA leave to amend the First Amended Complaint to cure the defective jurisdictional allegations in light of evidence that the district court has diversity jurisdiction pursuant to 28 U.S.C. §1332, and docket the Second Amended Complaint attached to POA's initial memorandum.

Respectfully submitted,

Dated:  September 12, 2006

/s/  David G. Sommer
Paul S. Caiola, Federal Bar #23940
David G. Sommer, Federal Bar #27581
Gallagher Evelius & Jones LLP
218 N. Charles Street, Suite 400
Baltimore, Maryland 21201
(410) 727-7702
*Attorneys for Plaintiff Premium of America, LLC*

# 310516
012053-0007

13

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on the 12th day of September, 2006, service of the foregoing Reply Memorandum was made by facsimile upon the following parties:

> Brian J. Nash, Esq.
> Michael Sanders, Esq.
> Nash & Associates, LLC
> Cromwell Center, Suite 201
> 809 Gleneagles Court
> Towson, Maryland 21286
> (410) 321-6660
> (410) 321-0005 (FAX)
>
> Alan M. Grochal, Esq.
> Stephen M. Goldberg, Esq.
> Tydings & Rosenberg, LLP
> 100 East Pratt Street, 26th Floor
> Baltimore, Maryland 21202
> (410) 752-9700
> (410) 727-5460 (FAX)

                        /s/ David G. Sommer
                        David G. Sommer

# 310516
012053-0007