IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PREMIUM OF AMERICA, LLC, | * |
| Plaintiff | * |
| v. | * |
| William C. Sanchez, M.D. | * |
| and | * |
| William C. Sanchez, M.D., P.C., | * |
| Defendants. | * |

CASE NO. 1:06-cv-1325

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PREMIUM OF AMERICA, LLC'S RESPONSE
TO MINUTE ORDER TO SHOW CAUSE**

Plaintiff Premium of America, LLC ("POA"), through counsel, Paul S. Caiola, David G. Sommer, and Gallagher Evelius & Jones LLP, hereby responds to the Minute Order to Show Cause entered by the Court on November 20, 2006 (the "Show Cause Order"). This Case should not be dismissed for lack of prosecution pursuant to Local Rule 82.23 because POA's Second Amended Complaint was docketed on November 21, 2006 in accordance with the Court's Order granting POA's Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 27 U.S.C. § 1653.

The above action relates to an adversary proceeding (POA v. Sanchez, Adv. Proc. No. 04-10455) that initially was filed almost two years ago within a bankruptcy case pending in the United States Bankruptcy Court for the District of Columbia, In re Beneficial Financial Services, Inc. et al., Case No. 02-02265. The action came to this

# 316468 DGS
012053-0002

Court after the bankruptcy court determined that it lacked subject matter jurisdiction over certain "investor related claims" asserted by POA and <u>sua sponte</u> recommended that this Court withdraw the reference to the bankruptcy court for purposes of determining whether POA may amend defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653.

On July 27, 2006, this Court entered an Order Withdrawing the Reference to the Bankruptcy Court (the "Order Withdrawing the Reference"). The Order Withdrawing the Reference, among other things, provided for the withdrawal of the reference to the bankruptcy court "for the purpose of the district court's determining whether it has subject matter jurisdiction over the so-called Investor-Related Claims … and for purposes of exercising jurisdiction over the entire proceeding if it determines that subject matter jurisdiction exists over the Investor-Related Claims." Order Withdrawing the Reference at 1. The Order Withdrawing the Reference further provides "that the plaintiff file any motion for leave to amend the complaint to allege any additional basis for jurisdiction within 14 days after entry of this order." <u>Id.</u> at 2.

In accordance with the Order Withdrawing the Reference, on August 4, 2006, POA filed a Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 27 U.S.C. § 1653 (the "Motion for Leave"), which Defendants opposed. In addition to POA's request for leave from the Court, POA attached to the Motion for Leave a Second Amended Complaint containing cured allegations of jurisdiction and requested that the Second Amended Complaint be docketed. Motion for Leave at 13.

On September 19, 2006, the Court entered a Minute Order granting POA's Motion for Leave. Recognizing that the Court did not also docket the Second Amended Complaint as POA had requested, counsel for POA contacted this Court's courtroom deputy, Mr. Wayne Burwell, by telephone to inquire about whether the Court would be providing further guidance on how POA should proceed. Counsel was told that the Second Amended Complaint would be docketed in accordance with Court's Order granting POA's Motion for Leave.

The Court entered the Show Cause Order on November 20, 2006. On November 21, 2006, counsel for POA contacted the office of the Clerk of this Court and requested that the Second Amended Complaint be docketed pursuant to the Court's Order granting POA's Motion for Leave. A representative from the Clerk's office immediately docketed the Second Amended Complaint. The docket now shows the Second Amended Complaint as docketed on September 19, 2006.

This action should not be dismissed for lack of prosecution. Over the past two years while this case has been pending, the parties have engaged in extensive discovery and litigated numerous motions before the bankruptcy court and this Court. POA maintains a strong interest in pursuing its claims against Defendants to recover its members' losses, which occurred as a result of Defendants negligent life expectancy evaluations. The inactivity in the case was a result of POA's reliance on the understanding that the Second Amended Complaint would be docketed soon after the entry of the Court's Order granting the Motion for Leave. The Second Amended

Complaint is now docketed, and the action should proceed without additional unnecessary delays.

WHEREFORE, POA respectfully responds to the Show Cause Order and requests that this action not be dismissed for lack of prosecution.

Respectfully submitted,

Dated: December 6, 2006

/s/  David G. Sommer
Paul S. Caiola, Federal Bar #23940
David G. Sommer, Federal Bar #27581
Gallagher Evelius & Jones LLP
218 N. Charles Street, Suite 400
Baltimore, Maryland 21201
(410) 727-7702
*Attorneys for Plaintiff Premium of America, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of December, 2006, service of the foregoing was made by electronic service upon the following parties:

>Brian J. Nash, Esq.
>Michael Sanders, Esq.
>Nash & Associates, LLC
>Cromwell Center, Suite 201
>809 Gleneagles Court
>Towson, Maryland 21286
>
>Alan M. Grochal, Esq.
>Stephen M. Goldberg, Esq.
>Tydings & Rosenberg, LLP
>100 East Pratt Street, 26th Floor
>Baltimore, Maryland 21202

>_____/s/_____
>David G. Sommer