IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PREMIUM OF AMERICA, LLC, | * |
| Plaintiff | * |
| v. | * |
| William C. Sanchez, M.D. | *   CASE NO. 1:06-cv-1325 |
| and | * |
| William C. Sanchez, M.D., P.C., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**PREMIUM OF AMERICA, LLC'S REPORT
REGARDING STATUS OF DISCOVERY**

Plaintiff Premium of America, LLC ("POA"), through counsel, Paul S. Caiola, David G. Sommer, and Gallagher Evelius & Jones LLP, hereby submits this Status Report to inform the Court of the unusual procedural history of this two-year-old case and to explain the extent to which the parties have already engaged in discovery.

**Introduction**

This action is nearly two years old and has proceeded already through more than eight months of discovery while in the bankruptcy court. During that time, the parties engaged in extensive discovery and extended the court-ordered period of discovery three times. This case has arrived in this Court as a result of POA's recent amendments to its jurisdictional allegations. The allegations concerning the substance of POA's claims have

not changed since discovery commenced in the Spring of 2005. Accordingly, no additional discovery on the merits of POA's claim is warranted.

## Status of Discovery

The above action relates to an adversary proceeding (<u>POA v. Sanchez</u>, Adv. Proc. No. 04-10455) that initially was filed almost two years ago within a bankruptcy case pending in the United States Bankruptcy Court for the District of Columbia, <u>In re Beneficial Financial Services, Inc. et al.</u>, Case No. 02-02265. POA in this action served Defendants with POA's First Amended Complaint on February 2, 2005.

After Defendants filed their Answer and the parties submitted a proposed discovery schedule, the Bankruptcy Court, on May 24, 2005, entered an Order adopting the parties' proposed discovery deadlines. The initial discovery schedule set a discovery deadline of October 20, 2005.

The parties engaged in substantial written discovery. Defendants first served discovery requests in July of 2005. At that time, Defendants served two sets of Interrogatories, a request for production of documents, and two sets of requests for admissions. Collectively, Defendants requested 584 admissions, 56 requests for production of documents, and 49 interrogatories. In August of 2005, POA duly responded to all of Defendants' discovery requests and made available for inspection several thousand pages of documents that were responsive to Defendants' requests.

The parties extended discovery by 30 days in August of 2005, and later extended discovery by an additional 60 days. After considering another consent motion to extend

discovery, the bankruptcy court entered an Order establishing a January 20, 2006 discovery deadline. In total, the parties engaged in discovery for almost nine months.

On May 23, 2006, the bankruptcy court dismissed POA's Investor-Related Claims in the adversary proceeding for lack of subject matter jurisdiction. Ten days later, POA filed a Motion to Vacate Order Dismissing Investor-Related Claims So That Plaintiff May Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 (the "Motion to Vacate"). In the Motion to Vacate, POA sought leave from the bankruptcy court to reallege the basis of federal jurisdiction pursuant to 28 U.S.C. §1653 in light of evidence in the record that diversity jurisdiction pursuant to 28 U.S.C. § 1332 existed at the time the action was filed. POA also requested an immediate transfer of the adversary proceeding from the bankruptcy court to this Court.

On June 13, 2006, the bankruptcy court entered an Order Denying Motion to Vacate and Sua Sponte Recommendation for Withdrawal of the Reference (the "Order Recommending Withdrawal of the Reference"). See Exhibit A. The bankruptcy judge recommended that this Court "withdraw the reference in this case sua sponte so that the district court can decide whether it can assert subject matter jurisdiction." Id. The bankruptcy judge attached a proposed order (the "Proposed Order") to his Order Recommending Withdrawal of the Reference. Id.

On July 27, 2006, this Court entered an Order Withdrawing the Reference to the Bankruptcy Court (the "Order Withdrawing the Reference") incorporating the terms of the Proposed Order. The Order Withdrawing the Reference, among other things, provided for the withdrawal of the reference to the bankruptcy court "for the purpose of

the district court's determining whether it has subject matter jurisdiction over the so-called Investor-Related Claims … and for purposes of exercising jurisdiction over the entire proceeding if it determines that subject matter jurisdiction exists over the Investor-Related Claims." Order Withdrawing the Reference at 1. The Order Withdrawing the Reference further provides "that the plaintiff file any motion for leave to amend the complaint to allege any additional basis for jurisdiction within 14 days after entry of this order." Id. at 2.

In accordance with the Order Withdrawing the Reference, on August 4, 2006, POA filed a Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 27 U.S.C. § 1653 (the "Motion for Leave"), which Defendants opposed. POA attached a Second Amended Complaint to the Motion for Leave and requested that the Court docket the Second Amended Complaint.

On September 19, 2006, the Court entered a Minute Order granting POA's Motion for Leave. On November 20, the Court entered a Case Management Order, which POA has served by first-class mail on Defendants. The Second Amended Complaint was docketed on November 21, 2006.[1]

The Case Management Order requires the parties to confer regarding discovery issues and to propose a scheduling order(s). However, the unique procedural history of this case and the extensive discovery that has already been completed may warrant different procedures and considerations by the Court with respect to the scope and

---

[1] The Docket shows the Second Amended Complaint as docketed on September 19, 2006, but this entry was not made to the docket until November 21, 2006.

schedule of future discovery (if any should be permitted).  Because this action already has proceeded through more than eight months of discovery, no further discovery on the merits of POA's claims is warranted in this case.  While this action was before the bankruptcy court, the parties briefed the issue of whether the discovery period should extend beyond the bankruptcy court's discovery deadline.  <u>See</u> Exhibit B (Defendants' Motion to Stay Discovery Or, In The Alternative, To Extend Discovery; Request For Status Conference; And Joint Request To Extend Time to File Pretrial Statements (the "Motion to Stay")); Exhibit C (POA's Opposition to the Motion to Stay); Exhibit D (Defendants' Reply Memorandum in Support of the Motion to Stay).

The bankruptcy court did not resolve this issue as to POA's investor-related claims because the bankruptcy court determined that it lacked subject matter jurisdiction over those claims.  As to the claims that were not investor-related, however, the bankruptcy court denied the Motion to Stay and concluded that defendants "were not diligent in pursuing discovery."  Order Regarding Defendants' Motion to Stay Discovery at 4.

The action is now before this Court, which has jurisdiction over the investor-related claims.  Discovery in this action has already proceeded through more than eight months of discovery.  The Defendants seek additional discovery, but they lacked diligence in pursuing discovery on the merits of POA's claims when they had the opportunity in the bankruptcy court.  In light of the procedural posture of the case and to avoid additional expense to POA, extra time for discovery on the merits of POA's claims is unwarranted.  Accordingly, this Court should disallow further discovery on the merits of POA's claims.

POA recognizes, however, that Defendants would be entitled to discover information related to the basis of POA's jurisdictional allegations in light of the recently amended allegations of diversity of citizenship. The jurisdictional allegations in the Second Amended Complaint are the only allegations that differ from the allegations in the First Amended Complaint.

If the Court desires additional information, the undersigned counsel is available to participate in a status conference.

Respectfully submitted,

Dated: December 6, 2006

       /s/ David G. Sommer
Paul S. Caiola, Federal Bar #23940
David G. Sommer, Federal Bar #27581
Gallagher Evelius & Jones LLP
218 N. Charles Street, Suite 400
Baltimore, Maryland 21201
(410) 727-7702
*Attorneys for Plaintiff Premium of America, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of December, 2006, service of the foregoing was made by electronic service upon the following parties:

> Brian J. Nash, Esq.
> Michael Sanders, Esq.
> Nash & Associates, LLC
> Cromwell Center, Suite 201
> 809 Gleneagles Court
> Towson, Maryland 21286
>
> Alan M. Grochal, Esq.
> Stephen M. Goldberg, Esq.
> Tydings & Rosenberg, LLP
> 100 East Pratt Street, 26th Floor
> Baltimore, Maryland 21202

                     /s/
                David G. Sommer