

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: PREMIUM ESCROW SERVICES, INC. | * | |
| | * | Case No. 02-2358 |
| Debtor | | |
| * * * * * * * | | |
| PREMIUM OF AMERICA, LLC | * | Adversary No. 04-10455 |
| Plaintiff | * | |
| v. | * | |
| WILLIAM C. SANCHEZ, M.D., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants William C. Sanchez, M.D. and William C. Sanchez, M.D., P.C., by and through their undersigned attorneys, hereby file this Reply to Plaintiff's Opposition to Defendants' Motion to Stay Discovery, and for grounds state as follows:

I. **Defendants can Establish Good Cause to Warrant Relief**

Plaintiff's primary argument in its Opposition is that the Defendants cannot demonstrate good cause to warrant modification of the Scheduling Order.[1] Contrary to Plaintiff's assertions, the Defendants have not been careless or dilatory in their pursuit of discovery. Plaintiff did not even make its documents available to the Defendants until

---

[1] In its Opposition, Plaintiff accuses defense counsel of carelessness, procrastination, and lack of diligence, and further argues that defense counsel waited idly to propound discovery, reviewed documents in a leisurely and sporadic fashion, carelessly disregarded the court's scheduling order, and made only a half-hearted effort to complete discovery. Counsel is taken aback by the tone and tenor of Plaintiff's Opposition, but will restrict this Reply to a discussion of the merits.

#500676v.1              1



August 2005.[2] The Defendants began reviewing the documents at Plaintiff's counsel's office in October 2005 and spent approximately three weeks reviewing these documents, utilizing multiple office personnel and incurring substantial man-hours. It was not until the Defendants had an opportunity to begin reviewing the documents that they realized what a mammoth undertaking it was going to be to carefully review all relevant documents. As noted in the Defendants' Motion to Stay Discovery, the Plaintiff is in possession of thousands and thousands of pages of documents that may be relevant to this case, and that may be necessary in defending the hundreds of investor claims being asserted in this case. Notably, Plaintiff does not dispute the volume of materials in its possession nor the relevancy of such documents.

At around the same time that the Defendants began document review, the Defendants also began seeking new bankruptcy counsel to assist in defending this action. As a result, the Defendants began to consider new legal theories for dismissing the hundreds of investor claims being asserted in this case.[3] Once the Defendants had agreed to pursue the dismissal of the investor claims, it became obvious that the meticulous review of the thousands of pages of documents in Plaintiff's possession might prove unnecessary, depending on how the Court were to rule on a motion to dismiss. Therefore, in an effort to avoid the needless and wasteful expenditure of time and expense, defense counsel elected to hold off on further document review and proceeded to file a motion seeking dismissal of the investor claims. The Defendants filed their

---

[2] In its Opposition, Plaintiff repeatedly asserts that the Defendants had ten months to complete discovery, i.e., March 2005 through January 2006. However, Plaintiff did not make available its documents until August 2005.

[3] The Defendants do not know exactly how many investor claims are being asserted in this case, but it is believed to be at least several hundred and could be well over 1000. To this day, the Plaintiff has never identified the specific investors whose claims are being asserted in this case. Plaintiff has instead referred the Defendants to the thousands of pages of documents in its possession.

Motion to Dismiss on or about December 23, 2005. They filed their Motion to Stay Discovery on January 9, 2006.

Plaintiff goes to great lengths to argue that the Defendants had sufficient opportunity to complete the necessary document review within the discovery time frame. However, the issue is not whether the Defendants <u>could</u> have completed the document review within the time frame allowed for discovery; the issue is whether engaging in such discovery was a reasonable course of action given that the Defendants were going to be filing a motion that could potentially dispose of all the investor claims. Plaintiff offers no convincing argument as to why the Defendants should have expended the time and expense of undertaking massive discovery in the face of legitimate legal arguments that could potentially render such discovery unnecessary.

Plaintiff's reliance on the cases cited in its Opposition is misplaced. In <u>DAG Enterprises, Inc. v. Exxon Mobil Corp.</u>, 226 F.R.D. 95 (D.D.C. 2005), the court was faced with an entirely different situation than the one at hand. That case did not involve a request for a stay, nor was there a dispositive motion pending before the court that could potentially render the discovery unnecessary. In <u>DAG</u>, a party had filed a subpoena *duces tecum* months after the close of discovery and without seeking leave of court ahead of time. After the opposing party filed a motion for protective order, the court considered the issue of whether the moving party should be entitled to the requested documents or whether it had waived its rights by waiting until discovery had closed to request the documents. Under the specific facts of that case, the court held that the moving party had failed to avail itself of discovery within the time frame provided by the court, and that the materials it was requesting were known, or should have been known, to be relevant to the

case all along. Therefore, the moving party could not establish good cause for an extension of discovery.

The unique facts of the DAG case are in no way similar to the case at bar and do not support a finding that the Defendants have not made a good faith effort in engage in discovery. The moving party in DAG did not even request the documents at issue until months after discovery had closed, and did not seek leave of the court prior to requesting the documents. In the case at bar, there has been no such delinquent conduct. The Defendants timely requested the documents at issue and made a good faith effort to review the documents within the time frame for discovery. Second, the court in DAG had explicitly warned the parties ahead of time that it would not entertain requests for discovery extensions: "No extensions. Nothing. I don't care what happens in your case. Absolutely no exceptions." Id. at 98. In the case at bar, the Court has obviously not been so strict as it has granted two discovery extensions already in this case – one at the request of the Plaintiff and one at the request of the Defendants. Third, the moving party in DAG was seeking new documents that would have resulted in additional factual discovery. "The issue at hand is whether [the moving party] should be permitted to start a whole new round of fact and expert discovery five months after the Court's explicit deadline . . . ." Id. at 109. This is not the situation in the case at bar. The Defendants are not trying to open up discovery to request new materials; they are simply trying to stay discovery until such time as the Court rules on the pending Motion to Dismiss. The Defendants have not been careless, they have not procrastinated, and they have not demonstrated a lack of diligence.[4]

---

[4] Throughout this litigation, Plaintiff has asked for – and received – extensions when it served its purpose. On August 1, 2005, Plaintiff filed a consent motion seeking an extension of discovery, which was granted

The Plaintiff will not be prejudiced if discovery is stayed and/or extended. No trial date has even been assigned in this case. Furthermore, the Plaintiff's only allegation of prejudice is its allegedly shaky financial outlook. The Defendants would respectfully point out, however, that it was the Plaintiff that chose to file suit in this matter, and it was the Plaintiff that chose to assert the individual claims of hundreds of investors. The Plaintiff cannot now claim prejudice after it willingly instituted what it knew to be a complicated, expensive, and time-consuming legal action.[5]

Furthermore, while the Plaintiff is concerned about its own financial situation, it apparently has no qualms about requiring the Defendants to expend significant amounts of money to conduct discovery that may not even be needed. As the Court is aware, it is a very time-consuming and expensive undertaking to have multiple staff members pore over thousands of pages of documents day after day for weeks on end. If, as the Defendants contend, the investor claims are eliminated from this action, a great portion of this discovery could be avoided. The Defendants are simply trying to be mindful of their litigation costs and are making an effort not to needlessly spend money on discovery that may not be needed. There can be no dispute that reducing litigation costs is a legitimate goal. The Defendants are not asking to be relieved of the duty of conducting discovery; they are merely trying to tailor their discovery to the claims that will eventually be litigated in this case.

---

by the Court. In addition, Plaintiff has asked the Defendants for an extension to provide discovery responses, an extension to designate experts, an extension to respond to the Motion to Dismiss, and an extension to respond to the Motion to Stay Discovery. The Defendants agreed to each of these requests.

[5] In its Motion to Modify the Scheduling Order, the Plaintiff conceded that it was "[a]nticipating a prompt settlement" in this case. The fact that the case has not settled as Plaintiff anticipated does not constitute prejudice.

II.   Stay of Discovery is Warranted by the Facts of this Case

Citing Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority, 201 F.R.D. 1 (D.D.C. 2001), Plaintiff focuses on the fact that the Defendants' pending Motion to Dismiss relates only to the claims of the investors and, therefore, is not truly dispositive of this action. Plaintiff's argument, however, misses the mark. The court in Chavous did not state that stays of discovery can never be granted in the face of a motion that is not thoroughly dispositive; it only stated that such stays are rarely appropriate. The Defendants would contend that under the unique facts of the case at bar, a stay of discovery is amply warranted.

Defendants' Motion to Dismiss – if granted – is entirely dispositive with respect to the investor claims, which undoubtedly constitute the bulk of this case. Although Plaintiff seeks to minimize the magnitude of the investor claims by saying that it is asserting the claims of PES and "certain individual investors" (Plaintiff's Opposition at p. 2), the reality is that Plaintiff is asserting hundreds (and maybe more than 1000) of individual claims of individual investors. If these hundreds of claims are dismissed and we are left only with the claim being asserted on behalf of PES, then the nature of this case is fundamentally different and would necessitate far less discovery. Specifically, it will likely not be necessary to review the thousands of pages of investor files and agent files in order to defend the claim being asserted on behalf of PES.

The Defendants are simply asking that the Court rule on the pending Motion to Dismiss before they expend additional amounts of time and money in conducting discovery that may not be necessary in this case. Such an approach would further the

ends of economy and efficiency. Once the parties know which claims are actually going to be before the Court, then they can tailor their discovery to those claims with a discovery time frame appropriate to the case. As the District Court stated in Chavous, "If both dispositive motions are denied, then the court will undertake an informed consideration of what discovery is appropriate in the context of the issues actually before the court." Id. at 5. That is all the Defendants are seeking in this case – a determination by the Court of what issues and claims are actually going to be litigated so that discovery can be tailored to that end.

## CONCLUSION

For the reasons set forth in their Motion to Stay Discovery and in this Reply, the Defendants request that discovery be stayed in this matter until such time as the Court rules on Defendants' Motion to Dismiss or, in the alternative, to extend discovery by 120 days.

                                      Respectfully Submitted,

February 6, 2006

/s/ Alan M. Grochal
Alan M. Grochal, DC Bar No. 315218
Stephen M. Goldberg, DC Bar No. 339705
Tydings & Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700

/s/ Brian Nash
Brian Nash, Esq., DC Bar No. 230771
Nash & Associates, LLC
809 Gleneagles Court, Suite 201
Towson, Maryland 21286
(410) 321-6660

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 6th day of February, 2006, a copy of the foregoing Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Stay Discovery was either sent electronically or mailed first class, postage prepaid to:

Paul S. Caiola, Esq.
David G. Sommer, Esq.
Gallagher Evelius & Jones, LLP
218 N. Charles Street, Suite 400
Baltimore, Maryland 21201

*Attorneys for Plaintiff*

/s/ Stephen M. Goldberg
Stephen M. Goldberg