# David G. Sommer

**From:** Alan M. Grochal [AGROCHAL@TydingsLaw.com]
**Sent:** Friday, December 29, 2006 12:18 PM
**To:** David G. Sommer
**Cc:** Paul Caiola
**Subject:** RE: POA v. Sanchez

David--

While it may turn out that the District Court simply dismisses the pending complaint for lack of subject matter jurisdiction as you suggest, I am not convinced that it is a foregone conclusion that the Court will ignore alternative grounds for dismissal. Moreover, our client has incurred a substantial amount of legal fees in responding to your pleadings, both in the Bankruptcy Court and in the District Court, that diversity jurisdiction existed as an alternative jurisdictional basis. To the extent that there is any redress for the fact that there was never diversity jurisdiction in the first instance, it would undoubtedly be in the District Court. Accordingly, we decline to join in your dismissal motion.

Alan

-----Original Message-----
From: David G. Sommer [mailto:dsommer@GEJLAW.com]
Sent: Thursday, December 28, 2006 7:11 PM
To: Alan M. Grochal
Cc: Paul Caiola
Subject: RE: POA v. Sanchez

Alan,

I appreciate that your client would like the court to resolve the issues raised in your clients' motion to dismiss sooner rather than later. POA also would like all such issues resolved, so a court can finally address the merits of the claims. However, given that the citizenship of the parties is not diverse (and never has been, we have learned), the federal court will not address the issues raised in the motion you filed. See Laughlin v. United States, 393 F.3d 155, 170 (D.C. Cir. 2004) (explaining that Article III courts without subject matter jurisdiction lack power to dismiss claims on other grounds). Because of a federal court's limited jurisdiction, the matter of subject matter jurisdiction is the first issue a federal court will decide before disposing of claims on other grounds. Id. Indeed, if a federal court presumes jurisdiction and then makes other findings related to the merits of a plaintiff's claims, those findings constitute an impermissible advisory opinion. Id.

As POA's draft joint motion and corresponding affidavit explain, POA is

1



EXHIBIT B

the only plaintiff in this lawsuit. One of its members, Premium Trust, which became a member and assigned all of its claims to POA before the litigation commenced, is and always has been a citizen of the District of Columbia. When POA initiated this lawsuit in 2004, it asserted the claims of all former beneficial investors, including (1) investor claims of its members that were assigned directly to POA and (2) investor claims assigned to Premium Trust (by investors who are not members) and then assigned to POA.

All of these assignments occurred upon the confirmation of the plan or shortly after the plan was confirmed but well before November of 2004. The assignment to POA of the claims of the individual members who consented to joining POA occurred pursuant to the plan provisions. The plan also called for the creation of Premium Trust in accordance with terms of a draft trust agreement attached to the plan. It appears that this trust agreement may not have been executed, but an enforceable trust can be created without a writing if the there is an external expression of the intention to create the trust. Cabannis v. Cabannis, 464 A.2d 87, 91 (D.C. 1983). Here, the confirmed plan is a manifestation of the intent to create Premium Trust. Moreover, within weeks after plan confirmation, POA and others began to conduct their affairs in accordance with the terms of the trust agreement attached to the plan. For example, the trustee, Marc Albert, was placed on POA's board, he was paid fees consistent with the provisions of the trust agreement, and the trust received distributions from POA. All of these conditions existed months before POA filed suit against Dr. Sanchez. In other words, the trust existed and was a member of POA before the litigation commenced. POA's recent realization that Premium Trust is a citizen of D.C. does not constitute adding an additional party to this suit. Thus, POA's draft joint motion does not raise any new issues.

If your clients disagree with our analysis of the diversity issue and believe that the District Court in D.C. is the appropriate forum, please let us know your rationale. Our client would love to be wrong on this issue, so it can maintain its claims in federal court. If your client agrees that the federal court lacks subject matter jurisdiction, we suggest the only reasonable course is to ask the court to dismiss the action on that basis. We urge you to reconsider joining POA's motion to dismiss, so we can begin litigating POA's claims in a court with the power to decide them on the merits.

David

David G. Sommer
Gallagher Evelius & Jones LLP
218 N. Charles Street, Suite 400
Baltimore, MD 21201
(410) 951-1414
(410) 468-2786 (Fax)
dsommer@gejlaw.com

IRS CIRCULAR 230 NOTICE: Any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding federal tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email transmission may contain CONFIDENTIAL and PRIVILEGED information. If you are not the intended recipient, please notify the sender by email, do not disseminate and delete immediately.

From: Alan M. Grochal [mailto:AGROCHAL@TydingsLaw.com]
Sent: Tuesday, December 26, 2006 2:44 PM
To: David G. Sommer
Cc: Paul Caiola
Subject: RE: POA v. Sanchez


David--

I have now had an opportunity to review your draft pleadings, but am not willing to join in your motion for a number of reasons. As you are now aware from a review of our recently filed motion to dismiss, we believe that there are serious questions as to whether the Second Amended Complaint states a valid cause of action and, even if it did, what portion of your complaint survived Judge Teel's dismissal order. These are issues that need to be resolved sooner or later. Your proposed dismissal without prejudice would in essence punt these issues on to the next forum you select. I believe that it is in my clients' best interest to adjudicate these issues now rather than down the road. Furthermore, your draft pleadings raise a new issue as to whether parties that were never previously part of this litigation may be added at this late date. Accordingly, we decline to join in a voluntary dismissal of your complaint "without prejudice". To the extent that we are successful on our current motion, the dismissal will, in all likelihood, be with prejudice. If you have a means to deal with our issues in the context of a joint dismissal motion, I would be willing to entertain it. However, we cannot go along with the current drafts.

                                                            Alan


-----------------------------------------------------------


Tydings & Rosenberg LLP
Alan M. Grochal

100 East Pratt Street
26th Floor
Baltimore, MD 21202
mail: AGROCHAL@TydingsLaw.com
http://www.tydingslaw.com
tel: 410.752.9715
fax: 410.727.5460
http://www.meritas.org

IRS rules restrict written federal tax advice from lawyers and accountants. We include this statement in all outbound emails because even inadvertent violations may be penalized. Nothing in this message is intended to be used, or may be used, to avoid any penalty under federal tax laws. This message was not written to support the promotion or marketing of any transaction. Contact the sender if you wish to engage us to provide formal written advice as to tax issues.

This message contains information that may be privileged, confidential, or otherwise protected from disclosure. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message. If you have received this message in error, please notify the sender by replying to this message, and then delete it from your system. Thank you very much.
--------------------------------------------------------

-----Original Message-----

From: David G. Sommer [mailto:dsommer@GEJLAW.com]
Sent: Friday, December 22, 2006 4:10 PM
To: Alan M. Grochal
Cc: Paul Caiola
Subject: POA v. Sanchez

Alan,

Attached are drafts of the joint motion and corresponding attachments reflecting our recent discussion. Our client is currently reviewing the affidavit, so its contents are subject to his approval. I expect that he will approve it as drafted.

We received notice of your clients' motion to dismiss filed yesterday and assume that it was filed as a protective measure in the event that we were not able to file the joint motion by today. Please confirm that your client will withdraw the motion after we file the attached joint motion. Thanks.

4

David

<<12.22.2006 #317760 v1 - Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction.doc>>  <<12.22.2006 #317787 v1A - Rigger Affidavit for Motion to Dismiss.doc>>  <<12.22.2006 #317792 v1 - Order of Dismissal for Lack of Subject Matter Jurisdiction.doc>> David G. Sommer
Gallagher Evelius & Jones LLP
218 N. Charles Street, Suite 400
Baltimore, MD 21201
(410) 951-1414
(410) 468-2786 (Fax)
dsommer@gejlaw.com
IRS CIRCULAR 230 NOTICE: Any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding federal tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email transmission may contain CONFIDENTIAL and PRIVILEGED information. If you are not the intended recipient, please notify the sender by email, do not disseminate and delete immediately.