IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PREMIUM OF AMERICA, LLC, | * |
| Plaintiff | * |
| v. | * |
| William C. Sanchez, M.D. | *  CASE NO. 1:06-cv-1325 |
| and | * |
| William C. Sanchez, M.D., P.C., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## POA'S CROSS-MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff Premium of America, LLC ("POA"), through counsel, Paul S. Caiola, David G. Sommer, and Gallagher Evelius & Jones LLP, hereby moves to dismiss the Second Amended Complaint for lack of subject matter jurisdiction. The reasons for this motion are set forth in the accompanying Opposition to Defendants' Motion to Dismiss Second Amended Complaint and Memorandum in Support of Cross-Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Respectfully submitted,

Dated:  January 5, 2007

/s/ David G. Sommer
Paul S. Caiola, Federal Bar #23940
David G. Sommer, Federal Bar #27581
Gallagher Evelius & Jones LLP
218 N. Charles Street, Suite 400
Baltimore, Maryland 21201
*Attorneys for Plaintiff Premium of America, LLC*

# 318959 DGS
012053-0002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PREMIUM OF AMERICA, LLC, | * | |
| Plaintiff | * | |
| v. | * | CASE NO. 1:06-cv-1325 |
| William C. Sanchez, M.D. | * | |
| and | * | |
| William C. Sanchez, M.D., P.C., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**POA'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
AND MEMORANDUM IN SUPPORT OF
CROSS-MOTION TO DISMISS FOR
<u>LACK OF SUBJECT MATTER JURISDICTION</u>**

Plaintiff Premium of America, LLC ("POA"), through counsel, Paul S. Caiola, David G. Sommer, and Gallagher Evelius & Jones LLP, hereby submits this Opposition to the Motion to Dismiss Second Amended Complaint ("Defendants' Motion to Dismiss") filed by Defendants William C. Sanchez, M.D., and William C. Sanchez, M.D., P.C. ("Defendants") and Memorandum supporting POA's cross-motion to dismiss the Second Amended Complaint for lack of subject matter jurisdiction.

## <u>INTRODUCTION</u>

POA recently became aware that one of its members was a citizen of the District of Columbia at the time this action was commenced, which destroys complete diversity of

citizenship among the parties. As a result, this Court lacks subject matter jurisdiction over this action and must dismiss the case. Moreover, controlling authority from the Supreme Court and D.C. Circuit dictates that the Court not consider the merit-based arguments raised in Defendants' Motion to Dismiss without first concluding that subject matter jurisdiction exists. As POA concedes that subject matter jurisdiction is lacking, and Defendants can offer no evidence to the contrary, the Court lacks the power even to address the grounds for dismissal asserted by Defendants. Accordingly, Defendants' Motion to Dismiss should be denied, and this case should be dismissed for lack of subject matter jurisdiction.[1]

## BACKGROUND

This action relates to an adversary proceeding (POA v. Sanchez, Adv. Proc. No. 04-10455) that initially was filed in the United States Bankruptcy Court for the District of Columbia, in the case of In re Beneficial Financial Services, Inc. et al., Case No. 02-02265 (the "Bankruptcy Case"). The action came to this Court after the bankruptcy court determined that it lacked subject matter jurisdiction over certain "investor related claims" asserted by POA and sua sponte recommended that this Court withdraw the reference to the bankruptcy court for purposes of determining whether POA may amend defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653.

---

[1] When POA learned of the facts destroying diversity several weeks ago (before Defendants filed their Motion to Dismiss), Plaintiff immediately brought them to the attention of Defendants' counsel and invited Defendants to join in a motion to dismiss for lack of subject matter jurisdiction. Despite being apprised of the Court's lack of subject matter jurisdiction and the controlling caselaw, however, Defendants refused to join Plaintiff's motion and instead sought what the law prohibits by asking this Court to rule on the merits of POA's claims even though subject matter jurisdiction is lacking.

On July 27, 2006, this Court entered an Order Withdrawing the Reference to the Bankruptcy Court (the "Order Withdrawing the Reference"). The Order Withdrawing the Reference, among other things, provided for the withdrawal of the reference to the bankruptcy court "for the purpose of the district court's determining whether it has subject matter jurisdiction over the so-called Investor-Related Claims … and for purposes of exercising jurisdiction over the entire proceeding if it determines that subject matter jurisdiction exists over the Investor-Related Claims." Order Withdrawing the Reference at 1. The Order Withdrawing the Reference further provides "that the plaintiff file any motion for leave to amend the complaint to allege any additional basis for jurisdiction within 14 days after entry of this order." Id. at 2.

In accordance with the Order Withdrawing the Reference, on August 4, 2006, POA filed a Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 27 U.S.C. § 1653 (the "Motion for Leave"). In the Motion for Leave, POA mistakenly alleged that the Court had diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. POA attached to the Motion for Leave an affidavit from POA's President, Ira Rigger (the "Rigger Affidavit"), which provided the names and states of citizenship of all individuals and entities believed to be members of POA. According of the Rigger Affidavit, none of POA's thousands of members was a citizen of the District of Columbia. POA alleged that Defendants were citizens of the District of Columbia. POA also attached to the Motion for Leave a Second Amended Complaint containing allegations of diversity jurisdiction and requested that the Second Amended Complaint be docketed.

On September 19, 2006, this Court entered a Minute Order granting the Motion for Leave. On November 21, 2006, the Second Amended Complaint was docketed, and the docket now shows the Second Amended Complaint as docketed on September 19, 2006.

A few weeks ago, POA discovered that the list of members attached to the Rigger Affidavit is not accurate. First, the member list includes certain individuals who in fact are not members of POA but rather are beneficiaries of a trust ("Premium Trust") that was established to hold the interests of the bankrupt debtors' former investors who would not consent to becoming members of POA. Although it appears no trust agreement was executed in connection with Premium Trust, POA has acted consistent with the creation of a trust. POA informed its members of the creation of Premium Trust and of the identity of the trustee of Premium Trust. In addition, for more than three years, the trustee of Premium Trust has served in this capacity and received compensation for his service.

Second, although Premium Trust is a member of POA, it was not included in the list of POA members attached to the Rigger Affidavit. Including the trust beneficiaries in the member lists while failing to include Premium Trust itself was an oversight caused by POA's practice of using the database of former investors in the debtor's business as its "member list." To correct the record, attached hereto as Exhibit A is another affidavit of Ira Rigger explaining that Premium Trust is a member of POA, but that Premium Trust beneficiaries are not.

At the time this litigation was filed–November 19, 2004–the trustee of Premium Trust was Marc E. Albert, a citizen of the District of Columbia.[2]  Upon learning on or around December 13, 2006 that the Rigger Affidavit contained the inaccuracy described above, POA immediately brought this fact to the attention of Defendants.  POA explained to Defendants that Mr. Albert's citizenship in the District of Columbia destroys complete diversity between the parties and that this case must therefore be dismissed for lack of subject matter jurisdiction.  Despite being apprised of the lack of complete diversity, Defendants refused to join POA's efforts to dismiss this case for lack of jurisdiction and opted to file Defendants' Motion to Dismiss on separate grounds relating to the merits of POA's Second Amended Complaint.[3]  Even after Defendants filed the Motion to Dismiss, Plaintiff appealed to Defendants' counsel to reconsider the decision to argue the merits of the Second Amended Complaint since this Court lacks the power to address those arguments.  See E-mail exchange between David Sommer and Alan Grochal dated December 21, 2006, through December 29, 2006 (attached as Exhibit B).  Still, Defendants have chosen to disregard the controlling precedent in the hope that they will never have to account for the harm that their negligence caused the debtor's investors.  Id.

---

[2] Mr. Albert remains the trustee of Premium Trust today.

[3] POA's counsel had informed Defendants' counsel that POA intends to re-file its claims in state court following dismissal for lack of subject matter jurisdiction.

## ARGUMENT

### The Court Lacks Jurisdiction and the Authority to Address Defendants' Arguments.

This case should be dismissed for lack of subject matter jurisdiction because the parties lack diversity of citizenship as required by 28 U.S.C. § 1332 ("Section 1332"). Section 1332 provides: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different states...." To satisfy diversity of citizenship under Section 1332(a)(1), "no plaintiff may be a citizen of the same jurisdiction as any defendant." Shulman v. Voyou, 305 F. Supp.2d 36, 39 (D.D.C. 2004). For purposes of diversity jurisdiction, the citizenship of an LLC is the citizenship of each of its members. Id. at 40; Hoffman v. Fairfax County Redevelopment & Housing Authority, 276 F. Supp.2d 14, 18 (D.D.C. 2003). When determining jurisdictional citizenship for a trust, courts look to the citizenship of the trustee who maintains it. See Navarro Sav. & Loan Ass'n v. Lee, 446 U.S. 458, 462 (1980). The parties' citizenship is assessed as of the date of the original complaint where a plaintiff seeks to amend the pleadings to allege diversity jurisdiction. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

As POA discovered recently, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 ("Section 1332") because the citizenship of POA and the Defendants were not diverse at the time this action commenced. Defendants acknowledge that they are citizens of the District of Columbia and were so at the time this action commenced.

Mem. Supp. Defs' Mot. Dismiss at 13; POA's First Amended Complaint at ¶¶ 2-3 (attached as Exhibit D); Defendants' Answer to First Amended Complaint at ¶¶ 2-3 (attached as Exhibit E).  Moreover, POA, the only plaintiff in this lawsuit, was also a citizen of the District of Columbia as of the date this action was filed.  Under Section 1332, POA is a citizen where all of its members are citizens, and the citizenship of a trust is that of its trustee.  Because Mark Albert is a District of Columbia citizen, Premium Trust, which is a member of POA, is and always has been a citizen of the District of Columbia.  Rigger Affidavit, Exhibit A, at ¶ 3.

When POA initiated this lawsuit in 2004, it asserted the claims of all former beneficial investors, including (1) investor claims of its members that were assigned directly to POA and (2) investor claims assigned to Premium Trust (by investors who are not members) and then assigned to POA.  All of these assignments occurred upon the confirmation of the plan or shortly after the plan was confirmed but well before November of 2004.  The assignment to POA of the claims of the individual members who consented to joining POA occurred pursuant to the plan provisions. The plan also called for the creation of Premium Trust in accordance with terms of a draft trust agreement attached to the plan.  It appears that this trust agreement may not have been executed, see Rigger Affidavit, Exhibit A, at ¶ 3, but an enforceable trust can be created without a writing if the there is an external expression of the intention to create the trust. Cabannis v. Cabannis, 464 A.2d 87, 91 (D.C. 1983).  POA manifested an intent to create Premium Trust in the confirmed plan of reorganization and conducted its affairs in accordance with the terms of the trust agreement attached to the plan.  Rigger Affidavit,

Exhibit A, at ¶ 3. For example, the trustee, Marc Albert, was placed on POA's board, and POA informed its members of the creation of Premium Trust and the name of the trustee. Id.

Because of a federal court's limited jurisdiction, the matter of subject matter jurisdiction is the first issue a federal court decides before disposing of claims on other grounds. See Laughlin v. United States, 393 F.3d 155, 170 (D.C. Cir. 2004) (explaining that Article III courts without subject matter jurisdiction lack power to dismiss claims on other grounds). Recently, in Bancoult v. McNamara, 445 F.3d 427, 432 (D.C. Cir. 2006), the D.C. Circuit clarified the sequence in which courts must address issues raised by the parties:

> The "first and fundamental question" that we are "bound to ask and answer" is whether the court has jurisdiction to decide the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453, 20 S.Ct. 690, 44 L.Ed. 842 (1900)). "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Id. at 94-95, 118 S.Ct. 1003 (brackets omitted) (quoting Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)). Therefore, a court must "address questions pertaining to its or a lower court's jurisdiction before proceeding to the merits." Tenet v. Doe, 544 U.S. 1, 125 S.Ct. 1230, 1235 n.4, 161 L.Ed.2d 82 (2005).

Bancout, 445 F.3d at 432 (emphasis added).

Indeed, if a federal court presumes jurisdiction and then makes other findings related to the merits of a plaintiff's claims, those findings constitute an impermissible advisory opinion. Laughlin, 393 F.3d at 170. The Supreme Court decided this very issue

# 318959 DGS
012053-0002

8

in Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). There, the Supreme Court held that the federal courts lacked jurisdiction to address the merits of an environmental protection organization's allegations that a manufacturer had violated provisions of the Emergency Planning and Right-To-Know Act of 1986. In reaching this conclusion, the Supreme Court resolved a split among the Courts of Appeals over whether Article III courts had the power to "'assum[e]' jurisdiction for the purpose of deciding the merits." Id. at 94. The Supreme Court "decline[d] to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends principles of separation of powers." Id. The Steel Co. court relied on a "long and venerable line of … cases" that embraced the notion that "'[w]ithout jurisdiction the court cannot proceed at all in any cause.'" Id. (citing Ex Parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). Rather, "[j]urisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id.

Here, Defendants raise only one jurisdictional argument.[4] Defendants' remaining arguments for dismissal of the Second Amended Complaint are: (1) that the Second Amended Complaint fails to state a claim for relief; (2) that certain claims asserted by POA are "improperly asserted and untimely"; and (3) that POA "side-stepped" class certification requirements. These arguments all relate to the merits of POA's claims in

---

[4] Defendants' jurisdictional argument—that "[i]f Plaintiff is [p]ermitted to [a]ssert [c]laims on [b]ehalf of the Beneficial [e]ntities, [d]iversity [j]urisdiction [d]oes [n]ot [e]xist as Beneficial Funding Corporation [w]as a District of Columbia [c]itizen"—is misguided and hypothetical. This theory, even if correct, only support POA's request for dismissal based on lack of subject matter jurisdiction.

that they seek an adjudication of the claims themselves and do not challenge the court's power to declare the law.[5]  See In re Papandreou, 139 F.3d 247, 255 (D.C. Cir. 1998) (superceded by statute on other grounds) (discussing whether a defense is "jurisdictional" and stating that the "jurisdiction is the power to declare law" and that an "adjudication on the merits" is the act of deciding the case); Steel Co., 523 U.S. at 89 (recognizing that "failure to state a claim" arguments are not jurisdictional); Pough v. United States, 442 F.3d 959, 965 (6th Cir. 2006) (finding that statute of limitations argument is not jurisdictional);  Because Defendants' arguments relate to the merits of POA's claims, the Court has no power to address them unless it first decides that it possesses jurisdiction.

## CONCLUSION

Because Premium Trust is a member of POA and its state of citizenship was the District of Columbia at the time this action commenced, POA itself was a citizen of the District of Columbia.  As Defendants were also citizens of the District of Columbia, the parties lack diversity of citizenship and this Court lacks subject matter jurisdiction under Section 1332. Accordingly, this case should be dismissed without addressing Defendants arguments on the

---

[5]  While Defendants' third argument questions whether the assignments were proper, it does not challenge POA's standing to assert the investor claims.  In the bankruptcy court, however, Defendants claimed that the court lacked jurisdiction and POA lacked standing to pursue investor claims based on this same theory of improper assignment.  POA's response to these baseless arguments is contained in pages 12-24 of its Response to Opposition to Defendants' Motion to Dismiss filed in the bankruptcy court and in the affidavit of Francis P. Dicello, POA's bankruptcy counsel (attached as Exhibit C).  The bankruptcy court expressed "serious doubts" about Defendants' arguments, which it described as "misguided" and resulting from a "severe misreading" of that court's prior decisions.  In re Premium Escrow Servs., Inc., 342 B.R. 390, 407 n.19 (Bankr. D.D.C. 2006).

merits. POA respectfully requests that this Court deny Defendants' Motion to Dismiss and grant POA's Motion to Dismiss for Lack of Subject Matter Jurisdiction.[6]

Respectfully submitted,

Dated:  January 4, 2007

/s/  David G. Sommer
Paul S. Caiola, Federal Bar #23940
David G. Sommer, Federal Bar #27581
Gallagher Evelius & Jones LLP
218 N. Charles Street, Suite 400
Baltimore, Maryland 21201
(410) 727-7702
*Attorneys for Plaintiff Premium of America, LLC*

---

[6] Defendants' arguments for dismissal are meritless. However, given the strength of the controlling caselaw cited above, this Court appears to lack the power even to consider these issues. Accordingly, POA has elected not to expend its resources responding to Defendants' arguments at this time. Should this Court determine to address Defendants' merits-based arguments, POA requests an opportunity to address these issues prior to this Court ruling on the issues. POA also reserves its right to oppose Defendants' arguments in any subsequent proceeding, such as the action POA intends to file in state court following dismissal of this action.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of January, 2007, service of the foregoing was made by electronic service upon the following parties:

> Brian J. Nash, Esq.
> Michael Sanders, Esq.
> Nash & Associates, LLC
> Cromwell Center, Suite 201
> 809 Gleneagles Court
> Towson, Maryland 21286
>
> Alan M. Grochal, Esq.
> Stephen M. Goldberg, Esq.
> Tydings & Rosenberg, LLP
> 100 East Pratt Street, 26th Floor
> Baltimore, Maryland 21202

/s/
David G. Sommer