## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PREMIUM OF AMERICA, LLC, | * | |
| Plaintiff | * | |
| v. | * | CASE NO. 1:06-cv-1325 |
| William C. Sanchez, M.D. | * | |
| and | * | |
| William C. Sanchez, M.D., P.C., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT OF IRA RIGGER

I, Ira Rigger, being over the age of 21 years, have personal knowledge of, and am competent to testify to, the matters set forth herein. I hereby certify as follows:

1. I am the President of the Board of Managers of Premium of America, LLC ("POA"). I have served in this position since the creation of POA pursuant to the confirmation of the First Amended Plan of Reorganization in the above-referenced bankruptcy case.

2. On August 4, 2006, POA filed a Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 27 U.S.C. § 1653 (the "Motion for Leave"). POA attached to the Motion for Leave an affidavit from me (the "Rigger Affidavit"), which provided the names and states of citizenship of all individuals and entities that I understood were members of POA. In the Rigger Affidavit, I testified in accordance with

#317787 DGS
012053-0002


EXHIBIT A

my understanding at the time that none of POA's thousands of members was a citizen of the District of Columbia.

3. Last week, I discovered that the list of members attached to the Rigger Affidavit is not accurate. First, the member list includes certain individuals who in fact are not members of POA but rather are beneficiaries of a trust that was established to hold the interests of the bankrupt debtors' former investors who would not consent to becoming members of POA ("Premium Trust"). Although it appears no trust agreement was executed in connection with Premium Trust, POA has acted consistent with the creation of a trust. POA informed its members of the creation of Premium Trust and of the identity of the trustee of Premium Trust. In addition, for more than three years, the trustee of Premium Trust has served in this capacity and received compensation for his service.

4. Second, although Premium Trust is a member of POA, it was not included in the list of POA members attached to the Rigger Affidavit. Including the trust beneficiaries in the member lists while failing to include Premium Trust itself was an oversight caused by POA's practice of using the database of former investors in the debtor's business as its "member list."

5. At the time this litigation was filed–November 19, 2004–the trustee of Premium Trust was Marc E. Albert, a citizen of the District of Columbia.

[SIGNATURE PAGE TO FOLLOW]

I solemnly affirm under the penalties of perjury that the contents of the foregoing Affidavit are true and correct to the best of my knowledge, information, and belief.

_12.22.06_
Date

_[signature]_
Ira Rigger

#317787 DGS
012053-0002

3