IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: PREMIUM ESCROW SERVICES, INC., DEBTOR | * |

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| PREMIUM OF AMERICA, LLC | * | CASE NO. 02-2358 |
| | | CHAPTER 11 |
| Plaintiff | * | |
| | | Adversarial Proceeding |
| v. | * | No.: 04-10455 |
| | | |
| WILLIAM C. SANCHEZ, M.D., et al. | * | |
| | | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER TO FIRST AMENDED COMPLAINT

William C. Sanchez, M.D. and William C. Sanchez, M.D., P.C., by and through their attorneys, Brian J. Nash, Esquire and the law firm of Nash and Associates, LLC, hereby answer the First Amended Complaint filed by the Plaintiff and state:

### FIRST DEFENSE

The First Amended Complaint fails to state a cause of action upon which relief might be granted and should, therefore, be dismissed.

### SECOND DEFENSE

As to the individual allegations of the First Amended Complaint, the Defendants state as follows:

1. Defendants do not have sufficient information to admit or deny the allegations in Paragraph 1.

EXHIBIT E

2. As to the allegations in Paragraph 2, the Defendants admit that Dr. Sanchez is a licensed physician who provides medical services in the District of Columbia. The Defendants deny that Dr. Sanchez provides medical services in Maryland.

3. The Defendants admit the allegations in Paragraph 3.

4. The Defendants deny that this Court has jurisdiction over this matter.

5. The Defendants deny that this is a core proceeding. The Defendants do not consent to entry of final orders or judgment by the Bankruptcy Judge.

6. The Defendants deny that venue is proper.

7. Defendants do not have sufficient information to admit or deny the allegations in Paragraphs 7 through 19.

8. As to the allegations in Paragraph 20, the Defendants admit that Dr. Sanchez performed life expectancy evaluations on certain individuals, and further admit that Dr. Sanchez was compensated for his evaluations. The Defendants deny the balance of the allegations in Paragraph 20.

9. Defendants do not have sufficient information to admit or deny the allegations in Paragraphs 21 through 27.

10. As to the allegations in Paragraph 28, the Defendants admit that Dr. Sanchez received medical records as part of his life expectancy evaluations. The Defendants do not have sufficient information to admit or deny the balance of allegations in Paragraph 28.

11. Defendants do not have sufficient information to admit or deny the allegations in Paragraph 29.

12. As to the allegations in Paragraph 30, the Defendants admit that Dr. Sanchez performed life expectancy evaluations on certain individuals. The Defendants do not have

sufficient information to admit or deny the balance of allegations in Paragraph 30.

13. Defendants do not have sufficient information to admit or deny the allegations in Paragraphs 31 through 35. To the extent Paragraph 35 alleges any wrongdoing on the part of the Defendants, said allegations are denied.

14. Defendants deny the allegations in Paragraph 36 and 37.

15. As to the allegations in Paragraph 38, the Defendants admit that Dr. Sanchez performed life expectancy evaluations on certain individuals, and further admit that he was compensated for his evaluations. The Defendants deny the balance of the allegations in Paragraph 38.

16. As to the allegations in Paragraph 39, the Defendants deny that Dr. Sanchez' life expectancy evaluations were inaccurate or grossly inaccurate. The Defendants do not have sufficient information to admit or deny the balance of allegations in Paragraph 39.

17. Defendants do not have sufficient information to admit or deny the allegations in Paragraphs 40 and 41.

18. Defendants deny the allegations in Paragraph 42 and 43.

19. As to the allegations in Paragraph 44, the Defendants incorporate Paragraphs 1 through 18 of this Answer.

20. As to the allegations in Paragraph 45, the Defendants are not required to admit or deny the legal conclusions contained herein. To the extent an admission or denial is required, the Defendants demand strict proof thereof.

21. Defendants deny the allegations in Paragraphs 46 and 47.

22. Defendants do not have sufficient information to admit or deny the allegations in Paragraph 48.

23. As to the allegations in Paragraph 49, the Defendants incorporate Paragraphs 1 through 22 of this Answer.

24. As to the allegations in Paragraph 50, the Defendants admit that Dr. Sanchez performed life expectancy evaluations on certain individuals. The Defendants deny the balance of allegations in Paragraph 50.

25. Defendants deny the allegations in Paragraphs 51 through 57.

26. Defendants do not have sufficient information to admit or deny the allegations in Paragraph 58.

27. As to the allegations in Paragraph 59, the Defendants incorporate Paragraphs 1 through 26 of this Answer.

28. As to the allegations in Paragraph 60, the Defendants are not required to admit or deny the legal conclusions contained herein. To the extent an admission or denial is required, the Defendants demand strict proof thereof.

29. Defendants deny the allegations in Paragraphs 61 through 64.

30. Defendants do not have sufficient information to admit or deny the allegations in Paragraph 65.

## THIRD DEFENSE

The injuries, if any, sustained by Plaintiff were a result of naturally occurring causes, investment decisions, and/or market forces over which these Defendants had no control.

## FOURTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the doctrine of Accord and Satisfaction.

## FIFTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the doctrine of Assumption of Risk.

## SIXTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the doctrine of Contributory Negligence.

## SEVENTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the doctrine of Duress.

## EIGHTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the doctrine of Estoppel.

## NINTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the doctrine of Fraud.

## TENTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the doctrine of Illegality.

## ELEVENTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the doctrine of Payment.

## TWELFTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the doctrine of Release.

## THIRTEENTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the doctrine of Res Judicata and/or Collateral Estoppel.

## FOURTEENTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the doctrine of Statute of

Limitations.

## FIFTEENTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the doctrine of Waiver.

## SIXTEENTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the doctrine of Laches.

## SEVENTEENTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the doctrine of Failure of Consideration.

## EIGHTEENTH DEFENSE

Plaintiff's claims, in whole or in part, may be barred by failure to mitigate damages.

## NINETEENTH DEFENSE

These Defendants may not be held accountable for all damages claimed in this action by virtue of the doctrine of Apportionment and/or Indemnification and/or Contribution. These Defendants reserve the right to file a cross-claim against any other Defendant or file a claim against any as yet unnamed individual or entity.

## TWENTIETH DEFENSE

To the extent these Defendants, including their employees and agents, may have failed to deny any and all allegations of wrongdoing on their part, they hereby expressly do so and demand strict proof thereof.

## TWENTY FIRST DEFENSE

Plaintiff's claims, in whole or in part, may be barred by Plaintiff's lack of standing to bring such claims against the Defendants.

Respectfully submitted,

**NASH & ASSOCIATES, LLC**

/s/ Brian J. Nash by John R. Garza
Brian J. Nash         Bar No. 04170
Nash & Associates, LLC
809 Gleneagles Court, Suite 201
Towson, Maryland  21286
(410) 321-6660
*Attorneys for Defendants,*
*William C. Sanchez, M.D.*
*William C. Sanchez, M.D., P.C.*

**GARZA, REGAN & ASSOCIATES, P.C.**

/s/ John R. Garza
John R. Garza, Bar No. 398728
Lawrence F. Regan, Jr., Bar No. 376016
17 West Jefferson Street
Rockville, Maryland  20850
301-340-8200
*Co-Counsel for Defendants*
*William C. Sanchez, M.D.*
*William C. Sanchez, M.D., P.C.*

## JURY DEMAND

Defendants hereby demand a jury trial in the United States District Court for the District of Columbia of all issues joined herein.

/s/ John R. Garza
Brian J. Nash
John R. Garza
Lawrence F. Regan, Jr.

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March 2005, a copy of the foregoing Answer was mailed, first class postage prepaid, to:

Paul S. Caiola, Esquire
David G. Sommer, Esquire
Gallagher Evelius & Jones, LLP
218 N. Charles Street, Suite 400
Baltimore, Maryland  21201
*Attorneys for Plaintiffs*

A courtesy copy has been mailed to:

Judge S. Martin Teel, Jr.
United States Bankruptcy Court
   for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C.  20001

/s/ John R. Garza
Michael L. Sanders
John R. Garza
Lawrence F. Regan, Jr.

W:\KFSDOCS\WPDOCS\ANSWERS\sanchez.prepared by msanders.doc