IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PREMIUM OF AMERICA, LLC | * |
|     Plaintiff, | * |
| v. | * |
| |     Case No. 06cv1325 |
| WILLIAM C. SANCHEZ, M.D. | * |
|     and | * |
| WILLIAM C. SANCHEZ, M.D., P.C., | * |
|     Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S REPLY BRIEF IN RESPONSE
TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
AND OPPOSITION TO CROSS-MOTION TO DISMISS**

**Introduction**

On November 19, 2004, Plaintiff Premium of America, LLC ("POA" or "Plaintiff") initiated an adversary proceeding in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court") against Defendants William C. Sanchez, M.D., and William C. Sanchez, M.D., P.C., (collectively, "Defendants"), which was assigned adversary proceeding number 04-10455.  The Bankruptcy Court proceeding, to a significant extent, terminated on May 23, 2006 when Judge Teel entered an Order granting Defendant's Motion to Dismiss along with a separate Memorandum Decision (collectively the "Dismissal Order").  The Dismissal Order held, among other things, that the Bankruptcy Court lacked subject matter jurisdiction over Investor-Related Claims that formed a material portion of the POA Complaint.  No appeal was ever taken from the Dismissal Order.

#595395v.2

In lieu of taking an appeal, on June 2, 2006, POA filed a Motion to Vacate the Dismissal Order in the Bankruptcy Court so that it could cure defective allegations of jurisdiction pursuant to 28 U.S.C. §1653 (the "Motion to Vacate").  The Motion to Vacate was not brought pursuant to Rule 59 of the Federal Rules of Civil Procedure.  Specifically, POA sought an opportunity to amend its complaint to allege diversity jurisdiction pursuant to 28 U.S.C. §1332.  Although diversity does not constitute a basis for jurisdiction in the Bankruptcy Court, POA also sought, as part of the relief in the Motion to Vacate, that the action then be transferred to this Court.  On June 13, 2006, Judge Teel denied the Motion to Vacate but *Sua Sponte* recommended that the reference be withdrawn to this Court so that it could determine whether that it could assert subject matter jurisdiction over POA's Complaint without requiring POA to initiate a separate proceeding.  This action was initiated when this Court entered an Order on July 27, 2006 withdrawing the reference from the Bankruptcy Court.

After the reference was withdrawn as described, POA filed a motion for leave to file a Motion for Leave to Cure defective allegations of jurisdiction pursuant to 28 U.S.C. §1653 (the "Motion for Leave").  The Motion for Leave was granted in a Minute Order entered on September 19, 2006.  POA filed a Second Amended Complaint, alleging diversity jurisdiction, that was entered on the docket on November 21, 2006.  On December 21, 2006, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint and supporting memorandum.  Finally, on January 4, 2007 POA filed a cross-motion to dismiss for lack of subject matter jurisdiction coupled with an opposition to Defendants' Motion to Dismiss.

**ARGUMENT**

I.     **Even if this Court Lacks subject matter jurisdiction over POA's Second Amended Complaint, this Court nonetheless has jurisdiction to determine the scope of what is properly before it.**

This Court can, and should, consider the issue presented by Defendants in their Motion to Dismiss – whether the investor-related claims were improperly amended back into the Complaint by the Plaintiff after dismissal by the Bankruptcy Court. If the investor-related claims are not properly part of the Complaint which Plaintiff seeks to have dismissed, then this Court should dismiss them because there is no controversy, not because it lacks subject matter jurisdiction over the claims.

The Defendants' argument – that the investor-related claims should not be part of the pleadings in this proceeding – is not a question of jurisdiction, but merely a question of the scope of the pleadings, and whether there is a controversy as to the investor-related claims for this Court to dismiss. Before dismissing the Complaint for lack of subject matter jurisdiction, this Court should determine what is before it for dismissal.

The case cited by Plaintiff, and the cases cited therein, support Defendants' request. In *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998), the Supreme Court dismissed the case because the plaintiff lacked standing to bring it. Before considering that issue, however, the Court looked to one of the specific allegations and separately dismissed it, finding: "There being no controversy over whether petitioner failed to [act], the declaratory judgment is worthless to [the plaintiff], it is seemingly worthless to all the world." *Id.* at 106. In *Steel Co.*, as should happen here, the court considered whether there was a controversy to be decided before determining whether jurisdiction existed to decide the controversy.

The investor-related claims, as asserted by Plaintiff, were dismissed in the Bankruptcy Court. Indeed, the Bankruptcy Court later noted, "the court expressly declined to consider

whether the dismissed claims could be asserted in the district court." (Order Denying Motion to Vacate and *Sua Sponte* Recommendation for Withdrawal of the Reference, dated June 13, 2006, attached hereto as **Exhibit A**, at 2.) The Court then noted that the Plaintiff failed to appeal the dismissal or ask for reconsideration on the merits of the dismissal in that Court. (*Id*.) Nevertheless, the Court recommended that the reference to the Bankruptcy Court be withdrawn, and that this Court consider the remaining claims, as well as the question of whether the investor-related claims could be asserted in this Court. (*Id*. at 6.)

Plaintiff simply asked this Court to amend its statement of jurisdictional allegations. When this Court granted that request, Plaintiff then amended its Complaint to re-state the investor-related claims in this Court – despite the fact that they had been dismissed from the proceeding previously without an appeal. Defendants' Motion to Dismiss is based, in part, on the argument that this action was improper. It is proper, therefore, for this Court to consider whether the investor-related claims could have been amended back into the Complaint before dismissing the Complaint for lack of diversity jurisdiction.

In *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990), the Supreme Court pronounced: "Article III denies federal courts the power 'to decide questions that cannot affect the rights of litigants in the case before them,' … and confines them to resolving ''real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.''" *Id*. at 477. There, the controversy have been mooted by intervening legislative action, and the Court found: "it is not enough that a dispute was very much alive when the suit was filed[.]" *Id*. Thus, in order for this Court to determine whether it has subject matter over the controversy, it must determine what the controversy is.

In light of the circumstances of this case, Defendants' request is the most equitable course of action. Many states equitably toll the statute of limitations while a proceeding is pending before the federal district courts, allowing parties such as the Plaintiff to re-file in state courts within a certain period after dismissal for lack of subject matter jurisdiction. *See, e.g.,* Maryland Rule 2-101.

Maryland Rule 2-101, which concerns civil procedure in the Maryland circuit courts, provides:

> (b) After Certain Dismissals by a United States District Court or a Court of Another State.- Except as otherwise provided by statute, if an action is filed in a United States District Court or a court of another state within the period of limitations prescribed by Maryland law and that court enters an order of dismissal (1) for lack of jurisdiction, (2) because the court declines to exercise jurisdiction, or (3) because the action is barred by the statute of limitations required to be applied by that court, an action filed in a circuit court within 30 days after the entry of the order of dismissal shall be treated as timely filed in this State.

Maryland Rule 2-101(b). It is clear from Plaintiff's statements that it intends to take advantage of a provision of this type to continue litigating these claims in another court. *See, e.g.,* Email from D. Sommer to A. Grochal, dated December 28, 2006, Exhibit B to Plaintiff's Opposition to Motion to Dismiss ("Exhibit B") at 2 ("We urge you to reconsider joining POA's motion to dismiss, so we can begin litigating POA's claims in a court with the power to decide them on the merits."). *See also* Exhibit B at 1 ("POA would also like all such issues resolved, so a court can finally address the merits of the claims.").

If the investor-related claims are not part of the Complaint as it currently stands, then Maryland Rule 2-101, or other similar rules in other jurisdictions, would be inapplicable to Plaintiff's attempts to continue litigating the claims. Given Plaintiff's stated intention to re-file

this litigation in yet another forum, the Court should state what claims are being dismissed for lack of diversity jurisdiction prior to that dismissal.

**II.     This Court should defer dismissing this action until Defendants have had an opportunity to take limited discovery to ascertain whether there has been an abuse of process by POA or, alternatively, sanctionable conduct by POA's counsel.**

In its Opposition to Defendants' Motion to Dismiss and Memorandum in Support of Cross Motion to Dismiss for lack of subject matter jurisdiction, POA, while acknowledging that prior affidavits filed with both the Bankruptcy Court and this Court were erroneous, seeks to have this action summarily dismissed without prejudice. While, at first blush, there is some logic to the argument that this Court's authority is limited to granting POA's Cross Motion to Dismiss, a closer look at the tortured history of this case inescapably leads to a contrary conclusion. As a preliminary matter, it is certainly not surprising that POA and its counsel wish to close the book on this pending action as quickly as possible and run off to a third forum in an attempt to continue prosecution of stale claims against the Defendants. POA and its counsel cannot so readily escape the consequences of their prior actions and failed litigation strategy.

This case, and its predecessor proceedings in the Bankruptcy Court represents a classic case of either abuse of process by POA and/or sanctionable conduct by POA's counsel. Beginning approximately seven months ago, POA filed the Motion to Vacate with the Bankruptcy Court. As noted above, the Motion to Vacate sought leave to allow POA to amend its complaint to allege jurisdiction based upon diversity pursuant to 28 U.S.C. § 1332.[1] In the Memorandum in Support of the Motion to Vacate, POA argued that although it did not previously allege jurisdiction based upon diversity of citizenship, the facts supporting diversity

---

[1] It should be kept in mind the Motion to Vacate was filed after Judge Teel had dismissed all of POA's investor-related claims for lack of subject matter jurisdiction. Upon information and belief, the applicable statute of limitations would preclude POA from filing a new action based upon these investor-related claims.

jurisdiction existed at the time of the commencement of the action. A copy of the Memorandum in support of the Motion to Vacate is attached hereto as **Exhibit B**. Supporting the Memorandum was an Affidavit of Ira Rigger, President of the Board of Managers of POA in which Rigger states that all of POA's members were citizens of states other than the District of Columbia. A copy of the Rigger Affidavit without exhibits is attached hereto as **Exhibit C**. There can be no question that the diversity allegations asserted in Exhibits B and C were pivotal in Judge Teel's *Sua Sponte* recommendation for withdrawal of the reference to this Court.

As noted above, on June 27, 2006, POA filed the Motion for Leave. The Motion for Leave contained the same erroneous allegations regarding diversity jurisdiction and relied upon a virtually identical but slightly updated affidavit of Ira Rigger that, once again proved to be erroneous. The fabrication that diversity jurisdiction existed continued in several other pleadings filed by POA, including its July 20, 2006 status report in companion case no. 1:06MS00290 attached as **Exhibit D**, POA's Reply Memorandum in this case filed on December 13, 2006 (Docket 6), the Second Amended Complaint and accompanying Rigger Affidavit docketed on November 21, 2006 (Docket 9), and finally POA's response to Show Cause Order filed on December 6, 2006 (Docket 11). All contain the inaccurate statement that there existed, since the commencement of the original case in the Bankruptcy Court, diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Defendants have incurred substantial fees and expenses in contesting all of the above described pleadings and therefore both POA and its counsel cannot so cavalierly walk away from the mess that they created. At a minimum, Defendants are entitled to take discovery to ascertain whether there has been an abuse of process by POA in erroneously asserting diversity jurisdiction and/or sanctionable conduct by POA's counsel. Indeed, this Court has, in the past,

ruled that sanctions maybe appropriate where the plaintiff of counsel failed to make a reasonable inquiry into the parties' citizenship prior to filing suit. *See, e.g., Rowland v. Fayed*, 115 F.R.D. 605 (D.D.C. 1987).

Accordingly, dismissal of the instant action based upon either lack of subject matter jurisdiction or the grounds enunciated in Defendant's Motion to Dismiss, should be deferred pending a thorough investigation of the steps taken by POA and its counsel to investigate diversity jurisdiction in this case.

Before Defendants are dragged into still another forum on claims that are now barred by the applicable statute of limitations and claims from new parties who were never joined as plaintiffs in the original complaint, the first Amended Complaint or the Second Amended Complaint, Defendants are entitled to ascertain whether the bogus allegations of diversity jurisdiction are actionable as a result of either a sloppy investigation by POA or a lack of due diligence by POA's counsel.

Therefore, in addition, to determining the proper scope of the claims being dismissed, this Court should defer a ruling on POA's cross motion to dismiss for lack of subject matter jurisdiction as well as the Motion to Dismiss filed by Defendants pending an investigation through limited discovery as to whether POA and/or its counsel are at fault for causing defendants to incur substantial legal fees and expenses in contesting what has now turned out to be spurious allegations of diversity jurisdiction and the 28 U.S.C. §1332.

## REQUEST FOR HEARING

Defendants respectfully request a hearing on Defendants' Motion to Dismiss, Plaintiff's Opposition thereto, and Defendants' Reply, and Plaintiff's Cross-Motion to Dismiss and Defendants' Opposition thereto.

Dated: January 10, 2007					Respectfully submitted,


/s/ Brian J. Nash
Brian J. Nash, DC Bar No. 230771
Nash & Associates, LLC
809 Gleneagles Court, Suite 201
Towson, Maryland 21286
(410) 321-6660


/s/ Alan M. Grochal
Alan M. Grochal, DC Bar No. 315218
Stephen M. Goldberg, DC Bar No. 339705
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland  21202
(410) 752-9700

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 10th day of January, 2007, a copy of the foregoing Defendant's Reply Brief in Response to Plaintiff's Cross-Motion to Dismiss For Lack of Subject Matter Jurisdiction was either sent electronically or mailed first class, postage prepaid to:

Paul S. Caiola, Esq.
David G. Sommer, Esq.
Gallagher Evelius & Jones, LLP
218 N. Charles Street, Suite 400
Baltimore, Maryland 21201

*Attorneys for Plaintiff*


/s/ Alan M. Grochal
Alan M. Grochal, DC Bar No. 315218