IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: PREMIUM ESCROW
SERVICES, INC., DEBTOR                 *

*   *   *   *   *   *                  *

PREMIUM OF AMERICA, LLC,               *

    Plaintiff                          *

    v.                                 *

William C. Sanchez, M.D.               *   CASE NO. 02-2358
                                           CHAPTER 11
    and                                *   Adv. Proc. No.: 04-10455

William C. Sanchez, M.D., P.C.         *

    Defendants                         *

*   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM IN SUPPORT OF
PLAINTIFF PREMIUM OF AMERICA, LLC'S
MOTION TO VACATE ORDER DISMISSING
INVESTOR-RELATED CLAIMS SO THAT
PLAINTIFF MAY CURE DEFECTIVE ALLEGATIONS
OF JURISDICTION PURSUANT TO 28 U.S.C. § 1653**

Plaintiff Premium of America, LLC ("POA"), through counsel, Paul S. Caiola, David G. Sommer, and Gallagher Evelius & Jones LLP, submits this memorandum in support of its Motion to Vacate Order Dismissing Investor-Related Claims so that Plaintiff May Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 (the "Motion"). POA seeks relief pursuant to 28 U.S.C. § 1653, which grants the Court discretion to allow POA to amend the First Amended Complaint to re-state the defects in

the jurisdictional allegations in light of evidence that the District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Moreover, POA requests that, once the Second Amended Complaint is docketed, this action be transferred to the District Court so that the investor-related claims can be prosecuted together with the claims Premium Escrow Services, Inc. ("PES") assigned to POA.

## BACKGROUND

On November 19, 2004, POA filed a Complaint in this Court against Defendants William C. Sanchez, M.D., and William C. Sanchez, M.D., P.C. ("Defendants"), alleging that Premium Escrow Services, Inc. ("PES") and certain individual investors suffered damages as a result of negligent life expectancy evaluations performed by Defendants in connection with the sale of viaticated life insurance policies. On February 2, 2005, POA filed a First Amended Complaint (the "Complaint"), which contains counts of negligence, negligent misrepresentation, and gross negligence. The Complaint alleged that this Court had jurisdiction over the POA's claims pursuant to 28 U.S.C. §§ 157 and 1334.

Although POA did not allege jurisdiction on the basis of the parties' diverse citizenship pursuant to 28 U.S.C. § 1332, the facts supporting diversity jurisdiction existed at the time of the commencement of the action. For purposes of diversity jurisdiction, a limited liability company is a citizen of the states in which each of its members is a citizen. When POA filed the original complaint (and thereafter), none of POA's 4,532 members maintained citizenship in the District of Columbia. Affidavit of Ira Rigger, attached as Exhibit 1 ("Rigger Affidavit"), at ¶¶ 2-9 and Exhibits A-D.

However, Defendants were both citizens of the District of Columbia at that time. When Defendants answered the Complaint on March 1, 2006, Dr. Sanchez admitted that he was a licensed physician who provided medical services in the District of Columbia. Defendants' Answer at ¶ 3. Dr. Sanchez was a citizen of the District of Columbia at that time, and had his principal residence at 2232 Q Street N.W., Washington, D.C. 20008-2817, where he has lived since January of 1982. Rigger Affidavit, ¶ 10 and Exhibit E (report from the D.C. Office of Tax and Revenue website showing that William Sanchez owns the residence located at 2232 Q Street N.W. in the District of Columbia for which he receives a tax "homestead deduction"). Moreover, Defendant William C. Sanchez, M.D., P.C. admitted in its Answer that it was a "Washington D.C. professional corporation which is in the business of providing medical care and . . . has its principal place of business in Washington D.C." Defendants' Answer at ¶ 3. The Complaint sought damages in excess of $1,000,000 under each of the three counts against Defendants.

On May 24, 2005, this Court entered an Order adopting the parties' proposed discovery schedule. Over the next several months, the parties engaged in discovery. The parties extended discovery by 30 days in August of 2005, and later extended discovery by an additional 60 days. After considering the parties' most recent consent motion to extend discovery, the Court entered an Order establishing a January 20, 2006 discovery deadline.

On December 23, 2005, just four weeks before the discovery deadline, Defendants filed a non-dispositive Motion to Dismiss Investor-Related Claims for Lack of Subject

Matter Jurisdiction or, in the Alternative, for Severance of All Investor-Related Claims (the "Motion to Dismiss"). In the Motion to Dismiss, Defendants alleged that the investors' claims were obtained through collusive assignments, that POA lacked standing to assert investor claims, and that this Court lacked subject matter jurisdiction over POA's claims. Defendants expressly did not request dismissal of the claims asserted by POA on behalf of its predecessor in interest, PES.

On May 23, 2006, this Court issued a Decision Regarding Defendants' Motion to Dismiss and entered an Order Granting Defendants' Motion to Dismiss and Related Relief (the "Order of Dismissal"), which dismissed POA's investor-related claims for lack of subject matter jurisdiction under 28 U.S.C. § 1334. In general, the Court concluded that the investor related claims were not "related to" the bankruptcy case because those claims were never property of the debtor's estate. The Court did not dismiss the claims asserted on behalf of PES. Order of Dismissal at 2. The Order of Dismissal states that "the ... dismissal, based on such dismissed claims having not fallen within the category of proceedings referred to the bankruptcy court under 28 U.S.C. § 157(a), is not an adjudication of whether the dismissed claims could be asserted in the district court." Id.

## ARGUMENT

A.  **POA Should Be Permitted to Amend the Complaint Pursuant to 28 U.S.C. § 1653 Because Diversity Jurisdiction Existed at the Time this Action Commenced.**

28 U.S.C. § 1653 ("Section 1653") provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Courts have observed that Section 1653 "'speaks of amending 'allegations of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves.'" Commercial Union Ins. Co. v. United States, 999 F.2d 581, 581 (D.C. Cir. 1993) (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989)). But where jurisdiction actually exists, Section 1653 authorizes such an amendment, even after a judgment or on appeal. Simpson v. Socialist People's Libyan Arab Jamahiriya, 326 F.3d 230, 233 (D.C. Cir. 2003) (citing Section 1653 and stating that "a plaintiff may amend a complaint to remedy a jurisdictional defect even as late as the appellate stage of proceedings."); Eisler v. Stritzler, 535 F.2d 148, (1st. Cir. 1976) (Section 1653 permits missing jurisdictional allegations to be supplied at any time, even on appeal). Indeed, "Section 1653's liberal amendment rule permits a party who has not proved, or even alleged, that diversity exists to amend his pleadings even as late as on appeal." District of Columbia ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co., 797 F.2d 1041, 1044 (D.C. Cir. 1986). The key inquiry is whether the facts supporting diversity jurisdiction actually exist in the record. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 830-32. A party seeking to

amend its allegations of jurisdiction may place the appropriate evidence of jurisdiction before the court by motion. See Transamerica, 797 F.2d at 1044.

In Transamerica, the plaintiff, a subcontractor, sued a surety on a payment bond. 797 F.2d at 1043. After judgment for the plaintiff, the surety appealed, arguing that the plaintiff failed to prove diversity in the district court. Id. The D.C. Circuit found that the plaintiff's failure properly to plead diversity was not fatal to its claims, and that "[a]mended allegations of diversity on appeal, if not contested, will also support the district court's judgment." Id. at 1044. The court then looked to evidence submitted by the plaintiff by motion on appeal in which the plaintiff "spelled out all the requisite details of incorporation and principal places of business to support that allegation." Id. Observing that "Section 1653 allows us to accept amended allegations of diversity," and that the defendant "does not in fact challenge the existence of diversity," the Transamerica court rejected this challenge and affirmed the district court's judgment. Id. at 1045. See also Commercial Union, 999 F.2d at 585-86 (relying on Section 1653 to allow amended jurisdiction on appeal based on a federal question where only diversity jurisdiction, which did not exist, was asserted in the district court).

In Roy v. Therdyne Corp., 1997 WL 159430, *2 (D.C. Cir. 1997), the D.C. Circuit again recognized a plaintiff's ability to cure defective allegations of jurisdiction by demonstrating that diversity of citizenship actually exists. The plaintiff in Roy brought a negligence action against four defendants in the United States District Court for the District of Columbia. The plaintiff alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332 but stated in the Complaint that both she and one of the defendants, Medstar

Surgical Supplies, Inc. ("Medstar") were citizens of the District of Columbia. Id. at *1. To cure these defective allegations and establish diversity jurisdiction, the plaintiff sought to amend the complaint to dismiss Medstar as a defendant. Meanwhile, the three other defendants also moved to dismiss the case for lack of jurisdiction. The District Court granted the defendants' motion to dismiss on the grounds that, *inter alia*, Section 1653 does not permit a plaintiff to amend a facially defective complaint where the factual basis for diversity does not in fact exist. The District Court then denied the plaintiff's motion to amend the pleadings as moot. Id.

On appeal, the D.C. Circuit vacated the District Court's judgment. Id. The Court held that the plaintiff should have been permitted to amend the pleadings to drop the non-diverse defendant. Id. at *2. In addition, the Court pointed out that allowing amendment to the complaint might also be appropriate in light of evidence submitted to the appellate court that Medstar's citizenship was in fact diverse from the plaintiff's. The Court explained that "[i]f Medstar is not a citizen of the District, then complete diversity jurisdiction would in fact exist and [2]8 U.S.C. § 1653 would authorize the district court to correct the inadequate allegation of diversity in the [plaintiff's] complaint." Id. Because the plaintiff's evidence of diverse citizenship had been submitted only to the appellate court and not the District Court, the D.C. Circuit remanded the case to the District Court "to determine whether complete diversity in fact exists." Id. at *3.

LeBlanc v. Cleveland, 248 F.3d 95 (2d Cir. 2001), is also instructive. There, the plaintiff moved to vacate the judgment that had dismissed her action on the basis that admiralty jurisdiction was lacking. Id. at 97. Citing Section 1653 and Fed. R. Civ. P. 15,

the plaintiff sought to amend her complaint to allege diversity jurisdiction. Id. The district court denied the motion to vacate, and the plaintiff appealed. Id. at 98. The Second Circuit reversed, holding that the district court abused its discretion in refusing to allow the plaintiff to amend her complaint to assert diversity jurisdiction. Id. at 100.[1]

Here, relief under Section 1653 is appropriate because, as in Transamerica, Roy, and Leblanc, the facts establishing diversity jurisdiction under 28 U.S.C. § 1332 existed at the time this action commenced. 28 U.S.C. § 1332 confers jurisdiction over claims asserted by citizens of one state against citizens of another state where the amount in controversy exceeds $75,000. Section 1332 provides: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different states...." To satisfy diversity of citizenship under Section 1332(a)(1), "no plaintiff may be a citizen of the same jurisdiction as any defendant." Shulman v. Voyou, 305 F. Supp.2d 36, 39 (D.D.C. 2004). For purposes of diversity jurisdiction, the citizenship of an LLC is the citizenship of each of its members. Id. at 40; Hoffman v. Fairfax County Redevelopment & Housing Authority, 276 F. Supp.2d 14, 18 (D.D.C. 2003). The

---

[1] On its way to holding that the plaintiff could amend her complaint to restate the jurisdictional allegations, the LeBlanc court ruled on two related issues. First, it found that a non-diverse party was dispensable and could be dismissed pursuant to Fed. R. Civ. P. 21 in order to establish complete jurisdiction. Id. at 99. Second, the court found that the jurisdictional amendment related back to the date the suit originally was filed. Id. at 99-100. This issue was important because, by the date the plaintiff filed the motion to amend, she and the defendant were both New York citizens. Id. at 99. The court ruled that the facts pertaining to diversity jurisdiction should be assessed as of the date the complaint originally was filed, and held that diversity was present at that time. Id. at 100.

parties' citizenship is assessed as of the date of the original complaint where a plaintiff seeks to amend the pleadings to allege diversity jurisdiction. Leblanc, 248 F.3d at 99-100.

Diversity of citizenship is satisfied in this action because, at the time POA filed the original complaint, seeking damages well exceeding $75,000, both Defendants were citizens of the District of Columbia, while POA's 4,532 members all were citizens of states other than the District of Columbia.[2] Rigger Affidavit, ¶¶ 2-9 and Exhibits A-D; see also Second Amended Complaint, attached as Exhibit 2, which POA requests be docketed by this Court.[3] Thus, a basis for federal subject matter jurisdiction existed in fact, and the Complaint merely contained a defective allegation of jurisdiction. Where, as here, only the jurisdictional allegations are defective but not the facts supporting that jurisdiction, Section 1653 provides the Court with discretion to allow POA to amend its jurisdictional allegations. The failure to permit such amendment has been held to be an abuse of that discretion. LeBlanc, 248 F.3d at 100; see Snell v. Cleveland, Inc., 316 F.3d 822, 828 n.6 (9th Cir. 2002) (holding that the District Court erred in dismissing a

---

[2] POA consists of members who are natural persons, a corporation, estates, trusts, and limited liability companies. Rigger Affidavit, ¶¶ 2-9 and Exhibits A-D. For purposes of diversity jurisdiction under 28 U.S.C. § 1332, the citizenship of a natural person is determined by the person's domicile. Zuurbier v. MedStar Health, Inc., 306 F. Supp.2d 1, 4 (D.D.C. 2004). A corporation's State of citizenship is "the State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Legal representatives of estates are citizens of the same State as the decedent. Id. § 1332(c)(2). When determining jurisdictional citizenship for a trust, courts look to the citizenship of the trustee who maintains it. See Navarro Sav. & Loan Ass'n v. Lee, 446 U.S. 458, 462 (1980).

[3] Even today, no POA members are citizens of the District of Columbia.

plaintiff's complaint without leave to amend when the court was aware of a pleading defect that could have been saved by amendment). Accordingly, the Court should grant POA relief under Section 1653 and allow amendment to the Complaint to assert diversity jurisdiction under 28 U.S.C. § 1332.[4]

    **B. The Court Should Transfer This Proceeding to the District Court Because the Investor-Related Claims Do Not Fall Within the Category of Proceedings Referred to the Bankruptcy Court Under 28 U.S.C. § 157(a).**

This Court concluded that it lacked "related to" subject matter jurisdiction over the investor-related claims, but it retained jurisdiction over claims asserted on behalf of PES. Because POA has now asserted a proper basis for diversity jurisdiction under 28 U.S.C. § 1332, the Order of Dismissal should be vacated and the investor-related claims revived pursuant to the Second Amended Complaint attached as Exhibit 2. Assuming the investor-related claims are revived, however, they will not fall "within the category of proceedings referred to the bankruptcy court under 28 U.S.C. § 157(a)," and they must be tried in the District Court. Order of Dismissal at 2. The investor-related claims and PES

---

[4] Although Section 1653 alone provides this Court with discretion to allow POA to amend its pleadings to allege a correct basis for subject matter jurisdiction, it is also sometimes invoked in connection with Rule 15(a) to support allowing amendment to the pleadings. See 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1474 (2d ed. 1990) ("A number of federal courts have relied on [Section 1653] to allow Rule 15(a) amendments to cure several different types of deficient statements of subject matter jurisdiction at various stages of the action, although in several cases [Section 1653] is not mentioned."). Rule 15(a) provides in relevant part: "A party may amend the party's pleading ... by leave of the court ... and leave shall be freely given when justice so requires." To the extent that the language of Rule 15(a) is inconsistent with Section 1653, the statute supersedes the rule. See Wright & Miller, Federal Practice and Procedure § 1474.

claims involve many of the same issues and will require a presentation of much of the same evidence at trial. Trying PES's claims in the Bankruptcy Court while the investor-related claims are tried in the District Court would result in a duplication of the courts' efforts and waste both the parties' and judicial resources. In light of these circumstances, POA respectfully request that the Court transfer this action in its entirety (including the investor-related and PES claims) to the District Court for all further proceedings. See In re Ozier, 132 B.R. 595, 603-04 (transmitting an action sua sponte to the District Court for reasons of judicial economy where the bankruptcy court could not decide or preside over the final decision).

## CONCLUSION

For the foregoing reasons, POA respectfully requests that this Court: (1) grant POA's motion; (2) vacate the May 23, 2006 Order Granting Defendants' Motion to Dismiss and Related Relief so that POA may amend the First Amended Complaint to re-state the defects in the jurisdictional allegations in light of evidence that the District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332; (3) grant POA leave to file an amended complaint alleging that jurisdiction lies in the District Court pursuant to 28 U.S.C. § 1332; and (4) transfer the entire proceeding to the District Court, upon docketing of the Second Amended Complaint.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: June 2, 2006 | ___/s/ David G. Sommer___<br>Paul S. Caiola, Federal Bar #23940<br>David G. Sommer, Federal Bar #27581<br>Gallagher Evelius & Jones LLP<br>218 N. Charles Street, Suite 400<br>Baltimore, Maryland 21201<br>(410) 727-7702<br>*Attorneys for Plaintiff Premium of America, LLC* |