IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PREMIUM OF AMERICA, LLC, | * | |
| Plaintiff | * | |
| v. | * | |
| William C. Sanchez, M.D. | * | CASE NO. 1:06MS00290 |
| and | * | |
| William C. Sanchez, M.D., P.C., | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

## STATUS REPORT OF PREMIUM OF AMERICA, LLC REGARDING TRANSFER OF CASE FROM THE U.S. BANKRUPTCY COURT

Plaintiff Premium of America, LLC ("POA"), through counsel, Paul S. Caiola, David G. Sommer, and Gallagher Evelius & Jones LLP, hereby submits this Status Report to make this Court aware that Judge Teel has recommended that this Court "withdraw the reference in this case sua sponte so that the district court can decide whether it can assert subject matter jurisdiction." See Exhibit 1 (bankruptcy court paper 71), at 3.

The above action relates to an adversary proceeding (POA v. Sanchez, Adv. Proc. No. 04-10455) that initially was filed within a bankruptcy case pending in the United States Bankruptcy Court for the District of Columbia, In re Beneficial Financial Services, Inc. et al., Case No. 02-02265. On May 23, 2006, the bankruptcy court dismissed POA's Investor-Related Claims in the adversary proceeding for lack of subject matter jurisdiction. See Exhibits 2 and 3 (bankruptcy court papers 62 and 63). Ten days later,

POA filed a Motion to Vacate Order Dismissing Investor-Related Claims So That Plaintiff May Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 (the "Motion to Vacate"). See Exhibit 4 and 5 (bankruptcy court papers 66, re-docketed as paper 68, and 67).[1] In the Motion to Vacate, POA sought leave from the bankruptcy court to reallege the basis of federal jurisdiction pursuant to 28 U.S.C. § 1653 in light of evidence in the record that diversity jurisdiction pursuant to 28 U.S.C. § 1332 existed at the time the action was filed. POA also requested an immediate transfer of the adversary proceeding from the bankruptcy court to this Court.

On June 13, 2006, Defendants filed an Opposition to the Motion to Vacate. That same day, only hours after Defendants filed their Opposition, the bankruptcy court entered an Order Denying Motion to Vacate and Sua Sponte Recommendation for Withdrawal of the Reference (the "Order Denying Motion to Vacate"). See Exhibit 1. The bankruptcy court determined that "there is no mechanism in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the local [bankruptcy] rules that provides for the 'transfer' of a case by the bankruptcy court to the district court." Exhibit 1 at 3. "[R]ecogniz[ing] the logic behind POA's request," however, Judge Teel recommended that this Court "withdraw the reference in this case sua sponte so that the district court can decide whether it can assert subject matter jurisdiction." Id. Further, Judge Teel ordered the bankruptcy court clerk to "forward a copy of this order and recommendation to Chief Judge Hogan of the district court for his consideration, together with a proposed

---

[1] Paper 67 is attached without the lengthy exhibits that were attached to that filing.

order ... for withdrawal of the reference, as well as a copy of the docket entries sheet and copies of D.E. Nos. 62, 63, 66 (re-docketed as D.E. No. 68), and 67."[2]

Judge Teel attached a proposed order (the "Proposed Order") to his Order Denying Motion to Vacate. See Exhibit 1. The Proposed Order provides, among other things, for the withdrawal of the reference to the bankruptcy court "for the purpose of the district court's determining whether it has subject matter jurisdiction over the so-called Investor-Related Claims ... and for purposes of exercising jurisdiction over the entire proceeding if it determines that subject matter jurisdiction exists over the Investor-Related Claims." Id. The Proposed Order further provides "that the plaintiff file any motion for leave to amend the complaint to allege any additional basis for jurisdiction within 14 days after entry of this order." Id.[3]

The bankruptcy court transmitted the docket sheet and the pleadings identified by Judge Teel to the district court on June 20, 2006, see Exhibit 7, but this Court has not yet acted on Judge Teel's recommendation. Recently, it occurred to the undersigned counsel that courtesy copies of the above-referenced bankruptcy pleadings were not provided to Chief Judge Hogan, and that the Chief Judge might not be aware of this action or Judge Teel's recommended withdrawal of the reference. Accordingly, for the Court's

---

[2] Copies of the referenced pleadings are attached to this Status Report as Exhibits 1-5. The docket sheet is attached as Exhibit 6.

[3] POA's counsel misconstrued the Proposed Order to be an Order of this Court, and, in an effort to comply with the terms of that document, filed its Motion for Leave to File Amended Complaint to Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 (the "Motion for Leave") in this Court on June 27, 2006, 14 days after the bankruptcy court's issuance of the Order Denying Motion to Vacate. Defendants moved to strike the Motion for Leave on July 12, 2006, arguing, inter alia, that it was premature because the district court had not yet withdrawn the reference.

convenience, undersigned counsel has attached to this status report copies of all relevant bankruptcy court pleadings.

If the Court desires additional information, the undersigned counsel is available to participate in a status conference.[4]

Respectfully submitted,

Dated: July 20, 2006

/s/ Paul S. Caiola
Paul S. Caiola, Federal Bar #23940
David G. Sommer, Federal Bar #27581
Gallagher Evelius & Jones LLP
218 N. Charles Street, Suite 400
Baltimore, Maryland 21201
(410) 727-7702
*Attorneys for Plaintiff Premium of America, LLC*

---

[4] The file transmitted to this Court includes a few erroneous statements. First, the plaintiff in this case is Premium of America, LLC, not Premium Escrow Services as reported on Exhibit 7 (bankruptcy court paper 74). Exhibit 7 also incorrectly references an appeal from the bankruptcy court's rulings and identifies a "Notice of Withdrawal of Reference." The bankruptcy court docket sheet also contains an error. While docket entry number 74 correctly identifies a "Transmittal of Record of Sua Sponte Recommendation For Withdrawal of Reference to U.S. District Court filed by the Clerk's Office," it incorrectly notes a related document titled "Motion for Withdrawal of Reference." See Exhibit 6. Judge Teel recommended withdrawal of the reference in this case on his own accord, not pursuant to a motion. Similarly, this Court's docket sheet erroneously references a "Motion to Withdraw Reference by [POA]."

# 306674 CEYLER
012053-0002

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of July, 2006, service of the foregoing was made by electronic service upon the following parties:

>Brian J. Nash, Esq.
>Michael Sanders, Esq.
>Nash & Associates, LLC
>Cromwell Center, Suite 201
>809 Gleneagles Court
>Towson, Maryland 21286
>
>Alan M. Grochal, Esq.
>Stephen M. Goldberg, Esq.
>Tydings & Rosenberg, LLP
>100 East Pratt Street, 26th Floor
>Baltimore, Maryland 21202

>___/s/_____
>Paul S. Caiola